**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

PAUL GUERRERO,

                Plaintiff,

v.

USAA CASUALTY INSURANCE COMPANY,

                Defendant.

No.

(Jury Demand Endorsed Hereon)

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Plaintiff, PAUL GUERRERO, by and through his counsel, Drost, Gilbert, Andrew & Apicella, LLC for his Complaint for Declaratory Judgment and Other Relief, states as follows:

### Nature of Action

1. This is an action based upon an insurance contract, the underwriting and acceptance of which took place in DuPage County, Illinois.

### Subject Matter Jurisdiction

2. At all relevant times herein, Plaintiff was domiciled in DuPage County, Illinois.

3. At all times herein relevant, USAA Casualty Insurance Company was an insurance company domiciled in Texas and was duly authorized to underwrite auto insurance policies in the state of Illinois.

4. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) based upon diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

### Personal Jurisdiction

5. This Court has personal jurisdiction over Defendant, pursuant to 735 ILCS 5/2-209, because Defendant is subject to general personal jurisdiction in the State of Illinois, and because

this action arises from Defendant's transaction of business in Illinois and tortious acts that occurred in Illinois.

**Venue**

6.      Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events and/or omissions giving rise to the claims occurred in this District.

**Count I**

7.      Prior to October 27, 2022, USAA Casualty Insurance Company issued an auto policy of insurance to Paul Guerrero pursuant to an application for a contract of insurance submitted to USAA Casualty Insurance Company, approved, underwritten and accepted in DuPage County, State of Illinois under policy no. CIC015095799 (the "USAA policy") with coverage as stated therein, subject to the terms, conditions, exclusions and associated obligations as so stated therein.  See Exhibit A.

8.      The USAA policy provided physical damage coverage for the non-owned vehicles "when the vehicle is in the custody of or being operated by [Paul Guerrero]."

9.      On or about October 27, 2022, Plaintiff was driving a non-owned vehicle, specifically a Rolls Royce Dawn, and was involved in a collision.

10.     Plaintiff made a claim to USAA Casualty Insurance Company for the damages.

11.     Plaintiff contacted USAA to make a claim within a day or two of the crash.

12.     Since then, Plaintiff has provided significant financial and other information to USAA pursuant to its request.

13.     Additionally, on September 9, 2023, Plaintiff appeared for an examination under oath at USAA's request.

14.     On October 13, 2023, Plaintiff through his counsel contacted USAA's counsel to inquire as to whether any coverage decision had been made and was advised that USAA was still reviewing the file.

15.     On November 3, 2023, Plaintiff through his counsel again contacted USAA's counsel seeking an update on the status of the coverage decision.

16.     To date, approximately a year and a half since the date of the crash, USAA has failed to communicate a coverage decision to Plaintiff.

17.     An actual controversy exists between USAA and Plaintiff hereto, and, as such, this Court is vested with the power to declare and adjudicate the rights and labilities of the parties hereto, and to give such other and further relief as is deems necessary under the facts and circumstances herein.

WHEREFORE, the Plaintiff herein, PAUL GUERRERO, respectfully requests that this Court find:

a.  That the USAA Casualty Insurance Company policy of insurance, policy no. CIC015095799 applies to the costs associated with the necessary repairs and related costs stemming from the October 27, 2022 loss.

b.  That USAA Casualty Insurance Company owes additional benefits to Plaintiff for any claims arising out of the October 27, 2022 loss; and

c.  For such other and further relief as this Court deems appropriate and just.

**Count II**
**(Relief Under Sec. 155)**

18.     The Plaintiff realleges paragraphs 1 through 17 of the Complaint as fully stated and pled herein.

19.     As of the time of the loss, the Defendant's internal claim handling policies, practices, and procedures included compliance with Part 919 of the Illinois Administrative Code and compliance with sections 154.5 and 154.6 of the Illinois Insurance Code.

3

20. Section 154.5 states that it is an improper claims practice for any domestic, foreign or alien company transacting business in the State of Illinois to commit any of the acts contained in Section 154.6, if, such act is committed knowingly and in violation of the provisions of Illinois Insurance Code, or any rules promulgated thereunder, and the act has been committed with a frequency that indicates a persistent tendency to engage in that type of conduct.

21. Section 154.6 of the Insurance Code provides examples of the kind of practice that constitutes an improper claims practice. Of the examples provided, the ones that apply to the Defendant are the following:

a. * * *

b. Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies;

c. Failing to adopt and implement reasonable standards for the prompt investigations and settlement of claims arising under its policies;

d. Not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear;

e. Compelling policyholders to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them;

f. * * *

g. * * *

h. * * *

i. Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

j. * * *

k. * * *

l. * * *

m.   Delaying the investigation or payment of claims by requiring an insured, a claimant, or the physicians of either to submit a preliminary claim report and then requiring subsequent submission of formal proof of loss forms, resulting in the duplication of verification;

n.   Failing in the case of the denial of a claim or the offer of a compromise settlement to promptly provide a reasonable and accurate explanation of the basis in the insurance policy or applicable law for such denial or compromise settlement;

o.   * * *

p.   * * *

q.   * * *

r.   * * *

s.   Engaging in any other acts which are in substance equivalent to any of the foregoing.

22.   In light of the above, the Plaintiff submits that the Defendant is in violation of section 154.6 of the Illinois Insurance Code, because the Defendant has;

a.   failed to pay all the amounts due under the insurance policy within 40 days of the loss, which constitutes an unreasonable delay in the resolution of the claim as a matter of law, and violates the regulations promulgated by the Illinois Director of Insurance under section 919.80 (d)(7)(A) of the Illinois Administrative Code;

b.   failed to acknowledge with reasonable promptness pertinent communications regarding the claim, which violates the regulations promulgated by the Illinois Director of Insurance within section 919.40 of the Illinois Administrative Code;

c.   not attempted in good faith to effectuate a prompt, fair, and equitable settlement of a claim in which liability was reasonably clear, in violation of sec. 154.6 of the Illinois Insurance Code and the regulations promulgated by the Director of Insurance under sec. 919.50 of the Illinois Administrative Code;

    d.    failed to pay the covered loss without conducting a full, fair, and objective investigation based on all available facts and circumstances, in violation of internal claims polices, practices, and procedures and in violation of section 154.6 of the Illinois Insurance Code.

23.    The abovementioned actions amount to vexatious and unreasonable conduct by the Defendant. As such, the Plaintiff is entitled to an award of taxable costs under section 155 of the Illinois Insurance Code, which states that when an insurance company engages in vexatious and unreasonable conduct, the court can, at its discretion, allow reasonable attorney fees, certain other costs, and an amount not exceeding any one of the following:

"(a)    60% of the amount which the court of jury finds such party is entitled to recover against such company;

(b)    $60,000;

(c)    the excess of the amount which the court or the jury finds such party is entitled to recover over the amount (if any) which the company offers to pay in settlement of the claim prior to the action."

WHEREFORE, the Plaintiff requests that the Court enter judgment in his favor and against Defendant for cost of the suit, attorney's fees and other taxable costs under section 155 of the Illinois Insurance Code, as well as any other penalties and costs this Court deems fair and just.

**Count III**
**(Breach of Fiduciary Duty)**

24.    The Plaintiff realleges paragraphs 1 through 20 of the Complaint as fully stated and pled herein.

25.    The Plaintiff submits that the Defendant owed a fiduciary duty to the Plaintiff, to fairly and expeditiously process the claim. The Plaintiff in turn placed its trust in Defendant given

its purported expertise, superiority and dominance over the insurance policy. Defendant's actions in assuring Plaintiff that its claim was being properly taken care of provided Plaintiff with a false sense of security as it believed that Defendant was acting in its best interests and the best interests of the Insured Vehicle.

26.     The Defendant's breached its fiduciary duty to the Plaintiff by refusing to settle its valid damage claim.  Defendant further unduly influenced Plaintiff by repeatedly assuring it that its actions were proper and that the Plaintiff would be taken care of in all respects. As a direct and proximate result of the Defendant's breach of its fiduciary duty to Plaintiff, the latter has suffered and continues to suffer damage and other financial harm.

WHEREFORE, in light of the above allegations, Plaintiff prays for an order by this Honorable Court granting such equitable remedy as is applicable; attorneys' fees accrued in prosecution of the claim and the statutory remedies, including penalties as specified in 215 ILCS 5/155, and any other relief this court deems fit and proper.

Respectfully submitted,

/s/Kenneth C. Apicella
Kenneth C. Apicella
DROST, GILBERT, ANDREW & APICELLA, LLC
4811 Emerson Avenue, Suite 110
Palatine IL, 60067
E: kca@dgaalaw.com
*Attorney for Paul Guerrero*

## JURY DEMAND

Plaintiff, PAUL GUERRERO, hereby demands a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all issues so triable.

/s/Kenneth C. Apicella
Attorney for Plaintiff



# ILLINOIS AUTO
# POLICY DECLARATIONS

**USAA®**
USAA Casualty
Insurance Company

for Renewal of Policy Number: **CIC 015095799 7107**
Policy Period: June 24, 2022 to December 24, 2022
12:01 a.m. standard time

Named Insured and Address:
PAUL J GUERRERO
1212 S NAPER BLVD STE 119-128
NAPERVILLE IL 60540-8360

## Vehicle Summary

Operators:
01 PAUL GUERRERO
08 LIZBETH GUERRERO

| Vehicle | Annual Mileage | VIN Number | Vehicle Use | Premium |
|---|---|---|---|---|
| 07 - 2003 ACURA TL | 2,500 | | Pleasure | $307.14 |
| 08 - 2007 ACURA MDX TC PKG | 5,000 | | Pleasure | $309.87 |
| 11 - 2021 MERCEDES G CLS AMG 63 | 12,000 | | Business | $1,728.42 |
| 12 - 2018 ACURA TL | 5,000 | | Pleasure | $549.20 |
| 13 - 2021 CADILLAC ESCALADE | 12,000 | | Business | $1,013.23 |
| 14 - 2021 CADILLAC ESCALADE | 12,000 | | Business | $973.49 |

The Vehicle(s) described herein is principally garaged at the above address unless otherwise stated. Vehicle(s) 07, 08, 11, 12, 13, 14: LISLE IL 60532-2855.

## Coverages, Limits and Premium Information

This policy provides ONLY those coverages where a premium is shown below. The limits shown may be reduced by policy provisions and may not be combined regardless of the number of vehicles for which a premium is listed unless specifically authorized elsewhere in this policy.

### Vehicle 07 - 2003 ACURA TL

| Coverage | Limits of Liability | Deductible | Premium |
|---|---|---|---|
| **Part A - Liability Coverage** | | | |
| Bodily Injury | $50,000 EACH PERSON / $100,000 EACH ACCIDENT | | $93.89 |
| Property Damage | $50,000 EACH ACCIDENT | | $83.74 |
| **Part B - Medical Coverage** | | | |
| Medical Payments | $5,000 EACH PERSON | | $32.56 |
| Extended Benefits | | | $4.04 |
|   Death Benefit | $5,000 EACH PERSON | | $0.00 |
|   Essential Services | $45 EACH PERSON PER WEEK / 1 YEAR MAXIMUM | | $0.00 |
|   Wage Earner Disability Benefits | 85% EACH 30 DAYS / $1,000 EACH PERSON PER 30 DAYS / 1 YEAR MAXIMUM | | $0.00 |
| **Part C - Uninsured Motorists Coverage** | | | |
| Uninsured Motorists Bodily Injury | $50,000 EACH PERSON / $100,000 EACH ACCIDENT | | $26.56 |
| Underinsured Motorists Bodily Injury | $50,000 EACH PERSON / $100,000 EACH ACCIDENT | | $6.03 |
| **Part D - Physical Damage Coverage** | | | |
| Comprehensive Loss | Actual Cash Value Less Deductible | $500 | $37.78 |
| Towing and Labor | | | $7.83 |
| **Other Coverages** | | | |
| Accident Forgiveness | | | $14.70 |
| | | Insurance Premium | $307.14 |
| | | **Total Premium with Taxes** | **$307.14** |

  
Exhibit A

## ILLINOIS AUTO POLICY DECLARATIONS

for Policy Number: CIC 015095799 7107
Policy Period: June 24, 2022 to December 24, 2022, 12:01 a.m. standard time

### Vehicle 08 - 2007 ACURA MDX TC PKG

| Coverage | Limits of Liability | Deductible | Premium |
|---|---|---|---|
| **Part A - Liability Coverage** | | | |
| Bodily Injury | $50,000 EACH PERSON / $100,000 EACH ACCIDENT | | $87.47 |
| Property Damage | $50,000 EACH ACCIDENT | | $97.75 |
| **Part B - Medical Coverage** | | | |
| Medical Payments | $5,000 EACH PERSON | | $24.44 |
| Extended Benefits | | | $4.04 |
| Death Benefit | $5,000 EACH PERSON | | $0.00 |
| Essential Services | $45 EACH PERSON PER WEEK / 1 YEAR MAXIMUM | | $0.00 |
| Wage Earner Disability Benefits | 85% EACH 30 DAYS / $1,000 EACH PERSON PER 30 DAYS / 1 YEAR MAXIMUM | | $0.00 |
| **Part C - Uninsured Motorists Coverage** | | | |
| Uninsured Motorists Bodily Injury | $50,000 EACH PERSON / $100,000 EACH ACCIDENT | | $28.77 |
| Underinsured Motorists Bodily Injury | $50,000 EACH PERSON / $100,000 EACH ACCIDENT | | $6.53 |
| **Part D - Physical Damage Coverage** | | | |
| Comprehensive Loss | Actual Cash Value Less Deductible | $1,000 | $38.18 |
| Towing and Labor | | | $7.83 |
| **Other Coverages** | | | |
| Accident Forgiveness | | | $14.84 |
| | | Insurance Premium | **$309.87** |
| | | Total Premium with Taxes | **$309.87** |

### Vehicle 11 - 2021 MERCEDES G CLS AMG 63

| Coverage | Limits of Liability | Deductible | Premium |
|---|---|---|---|
| **Part A - Liability Coverage** | | | |
| Bodily Injury | $50,000 EACH PERSON / $100,000 EACH ACCIDENT | | $123.74 |
| Property Damage | $50,000 EACH ACCIDENT | | $127.68 |
| **Part B - Medical Coverage** | | | |
| Medical Payments | $5,000 EACH PERSON | | $28.45 |
| Extended Benefits | | | $4.04 |
| Death Benefit | $5,000 EACH PERSON | | $0.00 |
| Essential Services | $45 EACH PERSON PER WEEK / 1 YEAR MAXIMUM | | $0.00 |
| Wage Earner Disability Benefits | 85% EACH 30 DAYS / $1,000 EACH PERSON PER 30 DAYS / 1 YEAR MAXIMUM | | $0.00 |
| **Part C - Uninsured Motorists Coverage** | | | |
| Uninsured Motorists Bodily Injury | $50,000 EACH PERSON / $100,000 EACH ACCIDENT | | $37.09 |
| Underinsured Motorists Bodily Injury | $50,000 EACH PERSON / $100,000 EACH ACCIDENT | | $8.42 |

## ILLINOIS AUTO POLICY DECLARATIONS

for Policy Number: CIC 015095799 7107
Policy Period: June 24, 2022 to December 24, 2022, 12:01 a.m. standard time

**Part D - Physical Damage Coverage**

| | | | |
|---|---|---|---|
| Comprehensive Loss | Actual Cash Value Less Deductible | $1,000 | $222.74 |
| Collision Loss | Actual Cash Value Less Deductible | $1,000 | $1,079.62 |
| Towing and Labor | | | $7.83 |

**Other Coverages**

| | | | |
|---|---|---|---|
| Accident Forgiveness | | | $88.79 |
| | | Insurance Premium | **$1,728.42** |
| | | Total Premium with Taxes | **$1,728.42** |

### Vehicle 12 - 2018 ACURA TL

| Coverage | Limits of Liability | Deductible | Premium |
|---|---|---|---|
| **Part A - Liability Coverage** | | | |
| Bodily Injury | $50,000 EACH PERSON / $100,000 EACH ACCIDENT | | $85.52 |
| Property Damage | $50,000 EACH ACCIDENT | | $81.94 |
| **Part B - Medical Coverage** | | | |
| Medical Payments | $5,000 EACH PERSON | | $36.29 |
| Extended Benefits | | | $4.04 |
| Death Benefit | $5,000 EACH PERSON | | $0.00 |
| Essential Services | $45 EACH PERSON PER WEEK / 1 YEAR MAXIMUM | | $0.00 |
| Wage Earner Disability Benefits | 85% EACH 30 DAYS / $1,000 EACH PERSON PER 30 DAYS / 1 YEAR MAXIMUM | | $0.00 |
| **Part C - Uninsured Motorists Coverage** | | | |
| Uninsured Motorists Bodily Injury | $50,000 EACH PERSON / $100,000 EACH ACCIDENT | | $28.77 |
| Underinsured Motorists Bodily Injury | $50,000 EACH PERSON / $100,000 EACH ACCIDENT | | $6.53 |
| **Part D - Physical Damage Coverage** | | | |
| Comprehensive Loss | Actual Cash Value Less Deductible | $1,000 | $56.09 |
| Collision Loss | Actual Cash Value Less Deductible | $1,000 | $214.87 |
| Towing and Labor | | | $7.83 |
| **Other Coverages** | | | |
| Accident Forgiveness | | | $27.31 |
| | | Insurance Premium | **$549.20** |
| | | Total Premium with Taxes | **$549.20** |

### Vehicle 13 - 2021 CADILLAC ESCALADE

| Coverage | Limits of Liability | Deductible | Premium |
|---|---|---|---|
| **Part A - Liability Coverage** | | | |
| Bodily Injury | $50,000 EACH PERSON / $100,000 EACH ACCIDENT | | $107.39 |
| Property Damage | $50,000 EACH ACCIDENT | | $131.48 |
| **Part B - Medical Coverage** | | | |
| Medical Payments | $5,000 EACH PERSON | | $22.32 |
| Extended Benefits | | | $4.04 |
| Death Benefit | $5,000 EACH PERSON | | $0.00 |

## ILLINOIS AUTO POLICY DECLARATIONS

for Policy Number: CIC 015095799 7107
Policy Period: June 24, 2022 to December 24, 2022, 12:01 a.m. standard time

| | | | |
|---|---|---|---|
| Essential Services | $45 EACH PERSON PER WEEK / 1 YEAR MAXIMUM | | $0.00 |
| Wage Earner Disability Benefits | 85% EACH 30 DAYS / $1,000 EACH PERSON PER 30 DAYS / 1 YEAR MAXIMUM | | $0.00 |

**Part C - Uninsured Motorists Coverage**

| | | | |
|---|---|---|---|
| Uninsured Motorists Bodily Injury | $50,000 EACH PERSON / $100,000 EACH ACCIDENT | | $37.09 |
| Underinsured Motorists Bodily Injury | $50,000 EACH PERSON / $100,000 EACH ACCIDENT | | $8.42 |

**Part D - Physical Damage Coverage**

| | | | |
|---|---|---|---|
| Comprehensive Loss | Actual Cash Value Less Deductible | $500 | $130.74 |
| Collision Loss | Actual Cash Value Less Deductible | $1,000 | $399.22 |
| Car Replacement Assistance | 20% EACH OCCURRENCE | | $119.41 |
| Towing and Labor | | | $7.83 |

**Other Coverages**

| | | | |
|---|---|---|---|
| Accident Forgiveness | | | $45.27 |
| | | Insurance Premium | **$1,013.23** |
| | | Total Premium with Taxes | **$1,013.23** |

### Vehicle 14 - 2021 CADILLAC ESCALADE

| Coverage | Limits of Liability | Deductible | Premium |
|---|---|---|---|
| **Part A - Liability Coverage** | | | |
| Bodily Injury | $50,000 EACH PERSON / $100,000 EACH ACCIDENT | | $99.26 |
| Property Damage | $50,000 EACH ACCIDENT | | $139.54 |
| **Part B - Medical Coverage** | | | |
| Medical Payments | $5,000 EACH PERSON | | $27.62 |
| Extended Benefits | | | $4.04 |
| Death Benefit | $5,000 EACH PERSON | | $0.00 |
| Essential Services | $45 EACH PERSON PER WEEK / 1 YEAR MAXIMUM | | $0.00 |
| Wage Earner Disability Benefits | 85% EACH 30 DAYS / $1,000 EACH PERSON PER 30 DAYS / 1 YEAR MAXIMUM | | $0.00 |
| **Part C - Uninsured Motorists Coverage** | | | |
| Uninsured Motorists Bodily Injury | $50,000 EACH PERSON / $100,000 EACH ACCIDENT | | $37.09 |
| Underinsured Motorists Bodily Injury | $50,000 EACH PERSON / $100,000 EACH ACCIDENT | | $8.42 |
| **Part D - Physical Damage Coverage** | | | |
| Comprehensive Loss | Actual Cash Value Less Deductible | $500 | $123.50 |
| Collision Loss | Actual Cash Value Less Deductible | $1,000 | $371.21 |
| Car Replacement Assistance | 20% EACH OCCURRENCE | | $111.32 |
| Towing and Labor | | | $7.83 |
| **Other Coverages** | | | |
| Accident Forgiveness | | | $43.63 |
| | | Insurance Premium | **$973.49** |

## ILLINOIS AUTO POLICY DECLARATIONS

for Policy Number: CIC 015095799 7107
Policy Period: June 24, 2022 to December 24, 2022, 12:01 a.m. standard time

| | |
|---|---:|
| **Total Premium with Taxes** | **$973.49** |
| Six-month Policy Taxes | $0.00 |
| Six-month Policy Premium | $4,881.35 |
| SIX-MONTH POLICY PREMIUM WITH TAXES | $4,881.36 |

**IMPORTANT MESSAGES:** This is not a bill. A statement will follow. Your premium is due at inception of this policy.

**The following coverage(s) have been rejected:**
*Vehicle 14-2021 CADILLAC ESCALADE*
*Rental Reimbursement*
*Ride Share Gap Protection*
*Uninsured Motorists Property Damage*
**The following coverage(s) have been rejected:**
*Vehicle 12-2018 ACURA TL*
*Car Replacement Assistance*
*Rental Reimbursement*
*Ride Share Gap Protection*
*Uninsured Motorists Property Damage*
**The following coverage(s) have been rejected:**
*Vehicle 13-2021 CADILLAC ESCALADE*
*Rental Reimbursement*
*Ride Share Gap Protection*
*Uninsured Motorists Property Damage*
**The following coverage(s) have been rejected:**
*Vehicle 11-2021 MERCEDES G CLS AMG 63*
*Car Replacement Assistance*
*Rental Reimbursement*
*Ride Share Gap Protection*
*Uninsured Motorists Property Damage*
**The following coverage(s) have been rejected:**
*Vehicle 07-2003 ACURA TL*
*Car Replacement Assistance*
*Collision*
*Rental Reimbursement*
*Ride Share Gap Protection*
*Uninsured Motorists Property Damage*
**The following coverage(s) have been rejected:**
*Vehicle 08-2007 ACURA MDX TC PKG*
*Car Replacement Assistance*
*Collision*
*Rental Reimbursement*
*Ride Share Gap Protection*
*Uninsured Motorists Property Damage*
**Classification Codes:**
*Vehicle 07-XXX40 000 00*
*Vehicle 08-XXX40 000 00*
*Vehicle 11-RMF35 000 00*
*Vehicle 12-XXX40 000 00*
*Vehicle 13-RMM39 000 00*
*Vehicle 14-XXX40 000 00*

ARL Code: N3

PDL Code: 1

## ILLINOIS AUTO POLICY DECLARATIONS

for Policy Number: CIC 015095799 7107
Policy Period: June 24, 2022 to December 24, 2022, 12:01 a.m. standard time

**Enclosed in this policy packet:**
**Added Endorsement(s) on June 24, 2022:**
*None*
**Remain in Effect (refer to your previous policy):**
*AUTAF(1), AUT5200IL(1) and AUT74(1)*
**Informational Form(s) Attached:**
*AUTCVLUIL(2), AUTNIPCW(1), AUTIIRSGP(1), AUT999IL(1) and AUT41IL(1)*

In WITNESS WHEREOF, we have caused this policy to be signed by our President and Secretary at San Antonio, Texas, on this date April 12, 2022.

Karen Morris, Secretary                James Syring, President



# ILLINOIS SUPPLEMENTAL INFORMATION

for Policy Number: **CIC 015095799 7107**

The following approximate premium discounts or credits have already been applied to reduce your policy premium costs.

NOTE: If allowed by your state/location, your age or senior citizen status was taken into consideration when your rates were set and your premiums have already been adjusted.

### Vehicle 07 : 2003 ACURA TL

| Type of Discount or Credit | Amount |
| --- | --- |
| Annual Mileage Discount | $50.90 |
| Anti-Theft Discount | $1.99 |
| Multi-car Discount | $40.49 |
| Passive Restraint Discount | $6.46 |
| Premier Driver Level | $71.05 |

### Vehicle 08 : 2007 ACURA MDX TC PKG

| Type of Discount or Credit | Amount |
| --- | --- |
| Annual Mileage Discount | $26.69 |
| Anti-Theft Discount | $2.01 |
| Multi-car Discount | $40.87 |
| Passive Restraint Discount | $5.02 |
| Premier Driver Level | $71.73 |

### Vehicle 11 : 2021 MERCEDES G CLS AMG 63

| Type of Discount or Credit | Amount |
| --- | --- |
| Anti-Theft Discount | $55.69 |
| Daytime Running Lights Discount | $33.39 |
| Multi-car Discount | $245.60 |
| New Vehicle Discount | $135.22 |
| Passive Restraint Discount | $5.73 |
| Premier Driver Level | $429.15 |

### Vehicle 12 : 2018 ACURA TL

| Type of Discount or Credit | Amount |
| --- | --- |

Online: usaa.com    Phone: 210-531-USAA(8722)    •   800-531-USAA    Mobile: #USAA(8722)

| Annual Mileage Discount | $49.15 |
| Anti-Theft Discount | $2.95 |
| Daytime Running Lights Discount | $6.64 |
| Multi-car Discount | $77.76 |
| Passive Restraint Discount | $7.12 |
| Premier Driver Level | $132.04 |

### Vehicle 13 : 2021 CADILLAC ESCALADE

| Type of Discount or Credit | Amount |
| --- | --- |
| Anti-Theft Discount | $32.69 |
| Daytime Running Lights Discount | $12.35 |
| Multi-car Discount | $122.23 |
| New Vehicle Discount | $69.14 |
| Passive Restraint Discount | $4.65 |
| Premier Driver Level | $218.87 |

### Vehicle 14 : 2021 CADILLAC ESCALADE

| Type of Discount or Credit | Amount |
| --- | --- |
| Anti-Theft Discount | $30.87 |
| Daytime Running Lights Discount | $11.48 |
| Multi-car Discount | $118.22 |
| New Vehicle Discount | $66.90 |
| Passive Restraint Discount | $5.59 |
| Premier Driver Level | $210.89 |



# ILLINOIS AUTO INSURANCE

---

The information in this form is a brief explanation of coverages available in Illinois. This explanation is only an overview, and it does not replace or supplement any of the provisions of your policy. Please see your policy for details because the policy controls all issues of coverage.

Your current coverages and limits can be found on the policy Declarations. Please review them to ensure they still meet your needs. You may review your policy and make changes on usaa.com. If you have questions, please call us at 210-531-USAA (8722), our mobile shortcut #8722 or 800-531-8722.

## MANDATORY COVERAGES

### Bodily Injury Liability Coverage and Property Damage Liability Coverage

Bodily Injury Liability and Property Damage Liability coverages are required for all registered vehicles operated on public roads. They protect you if you are held legally liable for damages caused by the ownership, maintenance or use of your vehicle. Both coverages must be carried, and the limits must be the same for all vehicles insured on the policy.

- Bodily Injury Liability pays if you are held liable for accidental bodily injury or death of others. The available limits (per person/per accident) are:

  | | |
  |---|---|
  | $25,000/$50,000 | $300,000/$500,000 |
  | $50,000/$100,000 | $500,000/$500,000 |
  | $100,000/$200,000 | $500,000/$1,000,000 |
  | $100,000/$300,000 | $1,000,000/$1,000,000 |

- Property Damage Liability pays if you are held liable for accidental damage to the property of others. The available limits (per accident) are:

  | | | | | | |
  |---|---|---|---|---|---|
  | $20,000 | $25,000 | $50,000 | $100,000 | $300,000 | $500,000 |

### Uninsured Motorists Coverage and Underinsured Motorists Coverage

You and resident family members are covered even if injured as a pedestrian. Other persons occupying your insured vehicle with your permission are also covered. For more information, see the form "Uninsured Motorists Coverage and Underinsured Motorists Coverage in Illinois."

- **Uninsured Motorists Coverage** is mandatory and must be carried in the same limits as your Bodily Injury Liability Coverage unless you request lower limits in writing. You must carry at least the minimum limits required by law. We will pay up to your coverage limits for damages you or a resident family member is legally entitled to recover from the owner or operator of an uninsured or hit-and-run motor vehicle because of bodily injury or death caused by an auto accident.

- **Underinsured Motorists Coverage** is mandatory if you carry Uninsured Motorists Coverage in limits higher than $25,000 per person and $50,000 per accident. Your Underinsured Motorists Coverage limits must be the same as your Uninsured Motorists limits. We will pay up to your coverage limits for damages you or a resident family member is legally entitled to recover from the owner or operator of an underinsured motor vehicle.

## OPTIONAL COVERAGES

### Medical Payments Coverage and Extended Benefits Coverage

- **Medical Payments Coverage.** When you buy Medical Payments Coverage, we will pay up to the coverage limit for reasonable medical and funeral expenses incurred by you or any resident family member within one year of an auto accident, regardless of fault. Coverage also applies to any other person occupying your insured vehicle with permission.

- **Extended Benefits Coverage.** When Medical Payments Coverage is purchased, you may also buy Extended Benefits Coverage, which pays up to 85% of lost wages and reasonable expenses for essential services for up to a year when you are injured in an auto accident. There is also a death benefit of $5,000 if death occurs within one year of the accident.

**Uninsured Motorists Property Damage Coverage**

- Is available:
    - When you purchase Uninsured Motorists Coverage and
    - Collision Coverage is not carried on the vehicle.
- Pays the actual cash value of the vehicle up to a maximum of $15,000 when your insured vehicle is damaged by an uninsured motorist.
- Is subject to a $250 deductible.

**Comprehensive Coverage and Collision Coverage**

When you buy Comprehensive Coverage and Collision Coverage, we will pay for damage to your vehicle, subject to the deductible you choose for each coverage. The deductible is what you pay toward repair or replacement of your vehicle. The higher the deductible, the lower your premium will be. Available deductibles can be quoted on usaa.com.

If you have a loan on your vehicle, the lender usually requires you to carry both Comprehensive Coverage and Collision Coverage.

- **Comprehensive Coverage** pays up to the actual cash value of the vehicle, less your deductible, for direct and accidental loss caused by fire, theft, hail, vandalism and other perils not specifically excluded in the policy. Impact with an animal is also covered. Available deductibles range from $0 to $1,000.

- **Collision Coverage** pays up to the actual cash value of the vehicle, less your deductible, for direct and accidental loss caused by impact with an object or upset of the vehicle. Collision Coverage cannot be carried without Comprehensive Coverage. Available deductibles range from $50 to $1,000.

**Rental Reimbursement**

When shown on the Declarations for your vehicle, Rental Reimbursement pays the reasonable expense if you or a resident family member must rent a substitute for that vehicle while it is withdrawn from use because of a loss covered under Comprehensive Coverage or caused by a collision.

**USAA Roadside Assistance (Towing and Labor Costs Coverage)**

When shown on the Declarations for your vehicle, USAA Roadside Assistance pays the reasonable cost for towing to the nearest place where repairs can be made; locksmith services to gain entry to your vehicle; and delivery of gas, oil or a change of tire.



# UNINSURED MOTORISTS COVERAGE AND UNDERINSURED MOTORISTS COVERAGE IN ILLINOIS

Below you will find a brief explanation of Uninsured Motorists Coverage and Underinsured Motorists Coverage in Illinois. This explanation is only an overview, and it does not replace or supplement any of the provisions of your policy. Please see your policy for details because the policy controls all issues of coverage.

If you have questions, please call us at 210-531-USAA (8722), our mobile shortcut #8722 or 800-531-8722.

**Uninsured Motorists Coverage**

- When Uninsured Motorists Coverage is purchased, we pay up to your coverage limits if you or a resident family member is injured in a motor vehicle accident caused by an at-fault uninsured motorist or by a hit-and-run driver.

- Your policy must be issued with Uninsured Motorists Coverage limits equal to your Bodily Injury Liability limits unless you select lower Uninsured Motorists Coverage limits.

**Underinsured Motorists Coverage**

- Underinsured Motorists Coverage is not available when your Uninsured Motorists Coverage limits are $25,000 per person and $50,000 per accident.

- Underinsured Motorists Coverage is mandatory and must equal your Uninsured Motorists Coverage limits when those limits are greater than $25,000 per person and $50,000 per accident.

- We pay up to your Underinsured Motorists Coverage limits if you or a resident family member is injured in a motor vehicle accident caused by an at-fault underinsured motorist.

- An underinsured motorist is a motorist whose Bodily Injury Liability limits are less than your Underinsured Motorists Coverage limits and less than the amount of damages you are legally entitled to recover from the at-fault motorist. The at-fault motorist's policy pays first, then your Underinsured Motorists Coverage pays the lesser of:

  o Any remaining loss, or

  o The difference between the at-fault driver's Bodily Injury Liability limits and your Underinsured Motorists Coverage limits.

**Uninsured Motorists Property Damage Coverage**

- Uninsured Motorists Property Damage Coverage is optional and may be purchased separately for any vehicle that is not insured for Collision Coverage.

- The most we will pay for damage to your insured vehicle is the lesser of $15,000 or the actual cash value of the vehicle. Payment is subject to a $250 deductible.

You may request lower limits of Uninsured Motorists Coverage by completing, signing and returning the attached Uninsured/Underinsured Motorists Selection Form. Changes to Uninsured Motorists Coverage will affect your Underinsured Motorists Coverage limits. Your selection of lower limits will remain in effect on this policy and on future renewals until you request otherwise.

You may change Uninsured Motorists Coverage on usaa.com.





# UNINSURED/UNDERINSURED MOTORISTS COVERAGE SELECTION FORM

The following semi-annual premiums reflect the total premium for Uninsured Motorists Coverage and for Underinsured Motorists Coverage for all vehicles insured on your policy.

| Selected | Limits per person/per accident | Uninsured Motorists Premium | Underinsured Motorists Premium |
|---|---|---|---|
| _____ | $25,000/$50,000 | $156.03 | Not Available |
| _____ | $50,000/$100,000 | $195.37 | $44.35 |
| _____ | $100,000/$200,000 | $258.61 | $81.85 |
| _____ | $100,000/$300,000 | $265.64 | $89.28 |
| _____ | $300,000/$500,000 | $352.82 | $115.06 |
| _____ | $500,000/$500,000 | $373.89 | $128.38 |
| _____ | $500,000/$1,000,000 | $378.12 | $131.47 |
| _____ | $1,000,000/$1,000,000 | $402.00 | $148.97 |

_____ I select the Uninsured Motorists Coverage and, if available, Underinsured Motorists Coverage limits indicated above, which are less than the Bodily Injury Liability limits for this policy. These limits will remain in effect until I request otherwise.

**Please read this form carefully before you sign.** By signing this form, you agree that you have read and understand this information.

015095799
_____        _____        _____
USAA number                              Signature of Named Insured                     Date





# ILLINOIS
# AUTO POLICY

## READ YOUR POLICY, DECLARATIONS AND ENDORSEMENTS CAREFULLY

The automobile insurance contract between the named insured and the company shown on the Declarations page consists of this policy plus the Declarations page and any applicable endorsements. The Quick Reference section outlines essential information contained on the Declarations and the major parts of the policy.

**The policy provides the coverages and amounts of insurance shown on the Declarations for which a premium is shown.**

This is a participating policy. You are entitled to dividends as may be declared by the board of directors.

If this policy is issued by United Services Automobile Association ("USAA"), a reciprocal interinsurance exchange, the following apply:

- By purchasing this policy you are a member of USAA and are subject to its bylaws.

- This is a non-assessable policy. You are liable only for the amount of your premium as USAA has a free surplus in compliance with Article 19.03 of the Texas Insurance Code of 1951, as amended.

- The board of directors may annually allocate a portion of USAA's surplus to Subscriber's Accounts. Amounts allocated to such accounts remain a part of USAA's surplus and may be used as necessary to support the operations of the Association. A member shall have no right to any balance in the member's account except until following termination of membership, as provided in the bylaws.

## QUICK REFERENCE

**Declarations**
Named Insured and Address
Policy Period
Operators
Description of Vehicle(s)
Coverages, Amounts of Insurance and Premiums
Endorsements

**Agreement and Definitions**          Page 03

**Part A – Liability Coverage**          Page 04
Definitions
Insuring Agreement
  Bodily Injury Liability Coverage and
  Property Damage Liability Coverage
Limit of Liability
Supplementary Payments
Exclusions
Out of State Coverage
Other Insurance

**Part B – Medical Coverage**          Page 08
 **Medical Payments Coverage**
Definitions
Insuring Agreement
  Medical Payments Coverage
  Extended Benefits Coverage
Limit of Liability
Exclusions
Other Insurance

**ILLINOIS AUTO POLICY**
for Policy #: CIC 015095799 7107

Special Provisions

**Part C – Uninsured Motorists Coverage and Underinsured Motorists Coverage**                                                    Page 12
    Definitions
    Insuring Agreement
       Uninsured Motorists Coverage
       Underinsured Motorists Coverage
    Limit of Liability
    Exclusions
    Other Insurance
    Non-Duplication
    Loss Payable Clause
    Arbitration

**Part D – Physical Damage Coverage**                                                    Page 17
    Definitions
    Insuring Agreement
       Comprehensive Coverage
       Collision Coverage
       Rental Reimbursement Coverage
       USAA Roadside Assistance
    Limit of Liability
    Payment of Loss
    Loss Payable Clause
    Waiver of Collision Deductible
    Exclusions
    No Benefit to Bailee
    Other Sources of Recovery
    Appraisal

**Part E – General Provisions**                                                    Page 22
    Bankruptcy
    Changes
    Cohabitant
    Conformity to Law
    Duties After an Accident or Loss
    Legal Action Against Us
    Misrepresentation
    Non-Duplication of Payment
    Notice of Ride Sharing Activity
    Our Right to Recover Payment
    Ownership
    Policy Period and Territory
    Reducing the Risk of Loss
    Spouse/Civil Union Partner Access
    Termination
    Transfer of Your Interest in this Policy
    Two or More Motor Vehicle Policies

**ILLINOIS AUTO POLICY**
for Policy #: CIC 015095799 7107

## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we will provide the coverages and limits of liability for which a premium is shown on the Declarations.

## DEFINITIONS

The words defined below are used throughout this policy. They are in **boldface** when used.

A. **"You"** and **"your"** refer to the "named insured" shown on the Declarations and spouse or **civil union partner** if a resident of the same household.

B. **"We**," **"us"** and **"our"** refer to the Company providing this insurance.

C. **"Auto business"** means the business of altering, customizing, leasing, parking, repairing, road testing, delivering, selling, servicing, towing, repossessing or storing vehicles.

D. **"Bodily injury"** (referred to as **BI**).

   1. **"Bodily injury"** means bodily harm, sickness, disease or death.

   2. **"Bodily injury"** does not include mental injuries such as emotional distress, mental anguish, humiliation, mental distress or any similar injury unless it arises out of physical injury to some person.

E. **"Civil union partner"** means a party who has entered into a certified civil union, recognized under Illinois law, with the "named insured."

F. **"Cohabitant"** means one unmarried adult residing primarily in **your** household with whom **you** share a mutually committed personal and financial relationship intended to last indefinitely for the purpose of a domestic life. Both persons must be 18 years of age or older and may not be related to each other by blood. Neither may be married to another person or be a **cohabitant** or partner by civil union or domestic partnership with any other person.

G. **"Driving contest or challenge"** includes but is not limited to:

   1. A competition against other people, vehicles or time; or

   2. An activity that challenges the speed or handling characteristics of a vehicle or improves or demonstrates driving skills, provided the activity occurs on a track or course that is closed from non-participants.

H. **"Family member"** means a person related to **you** by blood, marriage, civil union recognized under Illinois law, or adoption who resides primarily in **your** household. A **family member** includes the following when residing primarily in **your** household: a ward, foster child, **cohabitant**, and **your cohabitant's** dependent children.

I. **"Fungi"** means any type or form of **fungi**, including mold or mildew, and includes any mycotoxins, spores, scents or byproducts produced or released by **fungi**.

J. **"Miscellaneous vehicle"** means the following motorized vehicles: motor home, golf cart, snowmobile, all-terrain vehicle or dune buggy.

K. **"Motor vehicle"** means:

   1. A private passenger auto, pickup or **van**;

   2. A **miscellaneous vehicle**; or

   3. A **motorcycle** but only if a **motorcycle** is shown on the current Declarations.

L. **"Motorcycle"** means a two- or three-wheeled motor vehicle that is subject to **motor vehicle** licensing in the location where the **motorcycle** is principally garaged.

M. **"Newly acquired vehicle."**

**ILLINOIS AUTO POLICY**
for Policy #: CIC 015095799 7107

1. **"Newly acquired vehicle"** means a **motor vehicle** or **trailer**, not insured under another policy, that is acquired by **you** or any **family member** during the policy period.

2. **We** will automatically provide for the **newly acquired vehicle** the broadest coverages as are provided for any vehicle shown on the Declarations. If **your** policy does not provide Comprehensive Coverage or Collision Coverage, **we** will automatically provide these coverages for the **newly acquired vehicle** subject to a $500 deductible for each loss.

3. Any automatic provision of coverage under paragraph M.2 will apply for up to 30 days after the date **you** or any **family member** becomes the owner of the **newly acquired vehicle**. If **you** wish to continue coverage for the **newly acquired vehicle** beyond this 30-day period, **you** must request it during this 30-day period, and **we** must agree to provide the coverage **you** request for this vehicle. If **you** request coverage after this 30-day period, any coverage that **we** agree to provide will be effective at the date and time of **your** request unless **we** agree to an earlier date.

N. **"Occupying"** means in, on, getting into or out of.

O. **"Property damage"** (referred to as **PD**).

1. **"Property damage,"** except as specifically modified in Part C – Uninsured Motorists Coverage and Underinsured Motorists Coverage, means physical injury to, destruction of or loss of use of tangible property.

2. For purposes of this policy, electronic data is not tangible property. Electronic data means information, facts or programs:

   a. Stored as or on,

   b. Created or used on, or

   c. Transmitted to or from

   computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices, or any other media that are used with electronically controlled equipment.

P. **"Ride sharing activity"** means use of **your covered auto** to provide prearranged transportation of persons or property in conjunction with a **transportation network company**.

Q. **"Trailer"** means a vehicle designed to be pulled by a **motor vehicle**. It also means a farm wagon or implement while towed by such vehicles.

R. **"Transportation network company"** means a person or entity that provides prearranged transportation services for compensation using an online-enabled application or platform to connect clients with drivers who use their personal vehicles to provide the requested transportation. Examples of a transportation network company include but are not limited to Uber and Lyft.

S. **"Van"** means a four-wheeled land motor vehicle of the van type with a rated load capacity of not more than 2,000 pounds.

T. **"Your covered auto"** means:

1. Any vehicle shown on the Declarations.

2. Any **newly acquired vehicle**.

3. Any **trailer you** own.

## PART A - LIABILITY COVERAGE

**DEFINITIONS**

**"Covered person."**

1. **"Covered person"** as used in this Part means:

   a. **You** or any **family member** for the ownership, maintenance, or use of any **motor vehicle** or **trailer**.

**ILLINOIS AUTO POLICY**
for Policy #: CIC 015095799 7107

    b. Any person using **your covered auto**.

    c. Any other person or organization but only with respect to legal liability imposed on them for the acts or omissions of a person for whom coverage is afforded in paragraphs 1.a or 1.b above. With respect to a **motor vehicle** or **trailer** other than **your covered auto**, this provision only applies if the other person or organization does not own or hire the **motor vehicle** or **trailer**.

2. The following are not **covered persons** under Part A:

    a. The United States of America or any of its agencies.

    b. Any person with respect to **BI** or **PD** resulting from the operation of a **motor vehicle** by that person as an employee of the United States government. This applies only if the provisions of Section 2679 of Title 28, United States Code as amended, require the Attorney General of the United States to defend that person in any civil action that may be brought for the **BI** or **PD**.

    c. Any **transportation network company**.

## INSURING AGREEMENT

**We** will pay compensatory damages for **BI** or **PD** for which any **covered person** becomes legally liable because of a **motor vehicle** accident. **We** will settle or defend as **we** consider appropriate any claim or suit asking for these damages. **Our** duty to settle or defend ends when **our** limit of liability for these coverages has been paid or tendered. **We** have no duty to defend any suit or settle any claim for **BI** or **PD** not covered under this policy.

## LIMIT OF LIABILITY

For **BI** sustained by any one person in any one **motor vehicle** accident, **our** maximum limit of liability for all resulting damages—including, but not limited to, all direct, derivative or consequential damages recoverable by any persons—is the limit of liability shown on the Declarations for "each person" for **BI** Liability. Subject to this limit for "each person," the limit of liability shown on the Declarations for "each accident" for **BI** Liability is **our** maximum limit of liability for all damages for **BI** resulting from any one **motor vehicle** accident. The limit of liability shown on the Declarations for "each accident" for **PD** Liability is **our** maximum limit of liability for all damages to all property resulting from any one **motor vehicle** accident.

These limits are the most **we** will pay regardless of the number of:

1. **Covered persons**,

2. Claims made,

3. Vehicles or premiums shown on the Declarations, or

4. Vehicles involved in the **motor vehicle** accident.

However, if a policy provision that would defeat coverage for a claim under this Part is declared to be unenforceable as a violation of the state's financial responsibility law, **our** limit of liability will be the minimum required by the state's financial responsibility law.

## SUPPLEMENTARY PAYMENTS

In addition to **our** limit of liability, **we** will pay on behalf of a **covered person**:

1. Premiums on appeal bonds and bonds to release attachments in any suit **we** defend. But **we** will not pay the premium for bonds with a face value over **our** limit of liability shown on the Declarations.

2. Prejudgment interest awarded against the **covered person** on that part of the judgment **we** pay. If **we** make an offer to pay the applicable limit of liability, **we** will not pay any prejudgment interest based on that period of time after the offer.

3. Interest accruing in any suit **we** defend on that part of a judgment that does not exceed **our** limit of liability. **Our** duty to pay interest ends when **we** offer to pay that part of the judgment that does not exceed **our** limit of liability.

4. Up to $250 a day for loss of wages because of attendance at hearings or trials at **our** request.

**ILLINOIS AUTO POLICY**
for Policy #: CIC 015095799 7107

5. The amount a **covered person** must pay to the United States government because of damage to a government-owned private passenger auto, pickup or **van** that occurs while the vehicle is in the care, custody or control of a **covered person**. The most **we** will pay is an amount equal to one month of the basic salary of the **covered person** at the time of a loss. Only exclusions A.1 and A.8 apply.

6. Other reasonable expenses incurred at **our** request.

7. All defense costs **we** incur.

**EXCLUSIONS**

A. **We** do not provide Liability Coverage for any **covered person**:

1. Who intentionally acts or directs to cause **BI** or **PD**, or who acts or directs to cause with reasonable expectation of causing **BI** or **PD**.

2. For **PD** to property owned or being transported by a **covered person**.

3. For **PD** to property rented to, used by or in the care of any **covered person**. This exclusion (A.3) does not apply to damage to a residence or garage.

4. For **BI** to an employee of that person that occurs during the course of employment. This exclusion (A.4) does not apply to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

5. For that person's liability arising out of the ownership or operation of a vehicle while it is being used to carry persons for a fee. This exclusion (A.5) does not apply to:

   a. A share-the-expense car pool or

   b. **Your covered auto** used for volunteer work when reimbursement is limited to mileage expenses.

6. While employed or otherwise engaged in the **auto business**. This exclusion (A.6) does not apply to the ownership, maintenance or use of **your covered auto** by **you**, any **family member**, or any partner, agent or employee of **you** or any **family member**.

7. Maintaining or using any vehicle while that person is employed or otherwise engaged in any business or occupation other than the **auto business**, farming or ranching. This exclusion (A.7) does not apply to the maintenance or use of:

   a. A private passenger auto, a pickup or **van** owned by **you** or any **family member**, or a **trailer** used with these vehicles; or

   b. A pickup or **van** not owned by **you** or any **family member** if the vehicle's owner has valid and collectible primary liability insurance or self-insurance in force at the time of the accident.

8. Using a vehicle without expressed or implied permission.

9. For **BI** or **PD** for which that person is an insured under any nuclear energy liability policy. This exclusion (A.9) applies even if that policy is terminated due to exhaustion of its limit of liability.

10. For **BI** to **you** or any **family member**. However, this exclusion (A.10) does not apply:

    a. To the maintenance or use of **your covered auto** by any person other than **you** or any **family member**.

    b. When a third party acquires a right of contribution against **you** or any **family member**.

11. For **BI** or **PD** occurring while **your covered auto** is rented or leased to others, or shared as part of a personal vehicle sharing program.

12. For punitive or exemplary damages.

    However, if a suit is brought against a **covered person** for **BI** or **PD**, seeking both compensatory and punitive or exemplary damages, then **we** will afford a defense to such action.

**ILLINOIS AUTO POLICY**
for Policy #: CIC 015095799 7107

13. For **BI** sustained as a result of exposure to **fungi**, wet or dry rot, or bacteria.

14. For that person's liability arising out of the ownership, maintenance or use of a vehicle while it is being used in **ride sharing activity**. This exclusion (A.14) applies during the time:

    a. the **covered person** is logged on to the **transportation network company's** online-enabled application or platform and available to accept a passenger or delivery assignment, whether or not a passenger or delivery assignment has been accepted;

    b. a passenger or delivery assignment has been accepted, whether or not a passenger or property to be delivered is **occupying your covered auto**; and

    c. a passenger or delivery assignment has been accepted and a passenger or property to be delivered is **occupying your covered auto**.

However, this exclusion (A.14) does not apply to a share-the-expense car pool.

B. **We** do not provide Liability Coverage for the ownership, maintenance or use of:

1. Any vehicle that is not **your covered auto** unless that vehicle is:

    a. A **motor vehicle**,

    b. A moving van or moving truck for personal use,

    c. A vehicle used in the business of farming or ranching.

2. Any vehicle, other than **your covered auto**, that is owned by **you**, or furnished or available for **your** regular use. This exclusion (B.2) does not apply to a vehicle not owned by **you** if the vehicle's owner has valid and collectible primary liability insurance or self-insurance in force at the time of the accident.

3. Any vehicle, other than **your covered auto**, that is owned by or furnished or available for the regular use of any **family member**. This exclusion (B.3) does not apply:

    a. To **your** maintenance or use of such vehicle, or

    b. To a **vehicle** not owned by any **family member** if the vehicle's owner has valid and collectible primary liability insurance or self-insurance in force at the time of the accident.

4. Any vehicle while being operated in or in practice for any **driving contest or challenge**.

C. There is no coverage for liability assumed by any **covered person** under any contract or agreement.

## OUT OF STATE COVERAGE

If a **motor vehicle** accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, **your** policy will provide at least the minimum amounts and types of liability coverages required by law. However, no one will be entitled to duplicate payments for the same elements of loss.

## OTHER INSURANCE

A. If there is other applicable liability insurance, **we** will pay only **our** share of the loss. **Our** share is the proportion that **our** limit of liability under this policy bears to the total of all applicable limits.

B. Any insurance **we** provide to a **covered person** for a vehicle **you** do not own:

1. Shall be excess over:

    a. Any other applicable liability insurance or

    b. Any self-insurance in compliance with a state's financial responsibility law or mandatory insurance law.

2. However, any insurance **we** provide shall be primary with respect to a vehicle owned or held for sale or lease by a new-vehicle dealer if:

**ILLINOIS AUTO POLICY**
for Policy #: CIC 015095799 7107

a. The limits of liability shown on the Declarations are equal to or greater than $100,000 for each person and $300,000 for each accident for **BI** and $50,000 for **PD**; and

b. The vehicle is loaned to a **covered person** as a temporary substitute for **your covered auto** that is out of normal use.

---

## PART B – MEDICAL COVERAGE

---

### Medical Payments Coverage

**DEFINITIONS**

A. **"Beneficiary"** means (in order of priority of payment):

1. The surviving spouse if a resident in the same household as the deceased at the time of the accident, or

2. Either of the surviving parents who had legal custody at the time of the accident if the deceased is an unmarried minor, or

3. The estate of the deceased.

B. **"Covered person"** as used in Medical Payments Coverage and Extended Benefits Coverage means:

1. **You** or any **family member** while **occupying** any **motor vehicle** or **trailer**.

2. Any other person while **occupying your covered auto**.

3. **You** or any **family member** while not **occupying** a **motor vehicle** or **trailer** if injured by:

   a. A motorized vehicle designed for use mainly on public roads,

   b. A **miscellaneous vehicle** or

   c. A **trailer**.

C. **"Essential services"** means those household services that a **covered person** who is at least 18 years old would have performed without pay.

D. **"Income actually lost"** means the difference between:

1. The total of gross salary, fees, commissions and profits from a business that a **covered person** was earning at the time of the accident; and

2. The total of gross salary, fees, commissions, profits from a business and payments from an income continuation or similar plan that the **covered person** received during the period of **total disability**.

E. **"Medical payment fee"** is an amount, as determined by **us** or someone on **our** behalf, that **we** will pay for charges made by a licensed hospital, licensed physician or other licensed medical provider for **medically necessary and appropriate medical services**. The amount that **we** will pay will be one of the following:

1. The amount provided by an applicable agreement with a Preferred Provider Organization, Preferred Provider Network or other similar agreement; or

2. The amount required, approved or allowed by a fee schedule established by a state, federal or other governmental entity in the relevant geographic area; or

3. The amount negotiated with the provider; or

4. The lesser of the following:

   a. The actual amount billed or

   b. A reasonable fee for the service provided.

**ILLINOIS AUTO POLICY**
for Policy #: CIC 015095799 7I07

F. **"Medically necessary and appropriate medical services."**

    1. **"Medically necessary and appropriate medical services"** are those services or supplies provided or prescribed by a licensed hospital, licensed physician or other licensed medical provider that, as determined by a utilization review organization, are required to identify or treat **BI** caused by a **motor vehicle** accident and sustained by a **covered person** and that are:

        a. Consistent with the symptoms, diagnosis and treatment of the **covered person's** injury and appropriately documented in the **covered person's** medical records;

        b. Provided in accordance with recognized standards of care for the **covered person's** injury at the time the charge is incurred;

        c. Consistent with published practice guidelines and technology, and assessment standards of national organizations or multi-disciplinary medical groups;

        d. Not primarily for the convenience of the **covered person**, their physician, hospital, or other health care provider;

        e. The most appropriate supply or level of service that can be safely provided to the **covered person**; and

        f. Not excessive in terms of scope, duration or intensity of care needed to provide safe, adequate, and appropriate diagnosis and treatment.

    2. However, **"medically necessary and appropriate medical services"** do not include the following:

        a. Nutritional supplements or over-the-counter drugs;

        b. Experimental services or supplies, which means services or supplies that **we** determine have not been accepted by the majority of the relevant medical specialty as safe and effective for treatment of the condition for which its use is proposed; or

        c. Inpatient services or supplies provided to the **covered person** when these could safely have been provided to the **covered person** as an outpatient.

G. **"Total disability"** means disability that continuously prevents the **covered person** from performing the substantial duties of that person's usual occupation.

## INSURING AGREEMENT

A. Medical Payments Coverage.

    1. **We** will pay only the **medical payment fee** for **medically necessary and appropriate medical services** and the reasonable expense for funeral services. These fees and expenses must:

        a. Result from **BI** sustained by a **covered person** in a **motor vehicle** accident and

        b. Be incurred for services rendered within one year from the date of the **motor vehicle** accident.

    2. **We** or someone on **our** behalf will review, by audit or otherwise, claims for benefits under this coverage to determine if the charges are **medical payment fees** for **medically necessary and appropriate medical services** or reasonable expenses for funeral services. A provider of medical or funeral services may charge more than the amount **we** determine to be **medical payment fees** and reasonable expenses, but such additional charges are not covered.

    3. **We** will not be liable for pending or subsequent benefits if a **covered person** or assignee of benefits under Medical Payments Coverage unreasonably refuses to submit to an examination as required in Part E - General Provisions, Duties After An Accident or Loss.

B. Extended Benefits Coverage.

    **We** will pay the following benefits for **BI** caused by a **motor vehicle** accident and sustained by a **covered person**:

    1. Wage Earner Disability Benefit of 85% of **income actually lost** by an employed **covered person** during a period of **total disability**.

**ILLINOIS AUTO POLICY**
for Policy #: CIC 015095799 7107

2. Essential Services Disability Benefit for reasonable expenses incurred for **essential services** during the time the **covered person** is actually unable to perform the services. This benefit applies only if the services are performed by a non-**family member**.

3. Death Benefit of $5,000 to the **beneficiary** of a **covered person** who dies within one year from the date of the **motor vehicle** accident as a direct result of **BI** caused by that accident.

## LIMIT OF LIABILITY

The following provisions represent the most **we** will pay regardless of the number of **covered persons** or **beneficiaries**, claims made, vehicles or premiums shown on the Declarations, or vehicles involved in a **motor vehicle** accident.

A. Medical Payments Coverage.

1. The limit of liability shown on the Declarations for Medical Payments Coverage is the maximum limit of liability for each **covered person** injured in any one accident.

2. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A – Liability Coverage or Part C – Uninsured Motorists Coverage and Underinsured Motorists Coverage of this policy.

B. Extended Benefits Coverage.

The limit of liability for Wage Earner Disability Benefit and the limit of liability for Essential Services Disability Benefit, as stated on the Declarations, is the maximum limit of liability for each coverage for each **covered person** injured in any one accident, subject to the following conditions:

1. Payment of Wage Earner Disability Benefit to **you** or any **family member** will not exceed the amount shown on the Declarations per 30-day period.

2. Payment of Wage Earner Disability Benefit to a **covered person** other than **you** or any **family member** will not exceed $1,000 per 30-day period.

3. Wage Earner Disability Benefit and Essential Services Disability Benefit begin on or after the eighth day after the accident but no later than one year after the accident. **We** will pay these benefits for no more than one year to any one **covered person**. These benefits will not continue after the death of the **covered person**.

4. Any amounts otherwise payable as benefits under Wage Earner Disability Benefit shall be reduced by:

   a. The amount of any similar benefits that are paid or payable under any workers' compensation law or policy, or under any disability or health and accident policy; and

   b. The amount of any disability benefits provided by any governmental agency.

## EXCLUSIONS

**We** do not provide benefits under Medical Payments Coverage or Extended Benefits Coverage for any **covered person** for **BI**:

1. Sustained while **occupying** any vehicle that is not **your covered auto** unless that vehicle is:

   a. A **motor vehicle**,

   b. A moving van or moving truck for personal use,

   c. A vehicle used in the business of farming or ranching.

2. Sustained while **occupying your covered auto** when it is being used to carry persons for a fee. This exclusion (2) does not apply to:

   a. A share-the-expense car pool or

   b. **Your covered auto** used for volunteer work when reimbursement is limited to mileage expenses.

3. Sustained while **occupying** any vehicle located for use as a residence.

**ILLINOIS AUTO POLICY**
for Policy #: CIC 015095799 7107

4. Occurring during the course of employment if workers' compensation benefits are required or available. This exclusion (4) does not apply to Extended Benefits Coverage.

5. Sustained while **occupying** or when struck by any vehicle, other than **your covered auto**, that is owned by **you**.

6. Sustained while **occupying** or when struck by any vehicle, other than **your covered auto**, that is owned by any **family member**. This exclusion (6) does not apply to **you**.

7. Sustained while **occupying** a vehicle without expressed or implied permission.

8. Sustained while **occupying** a vehicle when it is being used in the business or occupation of a **covered person**. This exclusion (8) does not apply to **BI** sustained while **occupying** a private passenger auto, pickup or **van**, or a **trailer** used with that vehicle.

9. Caused by or as a consequence of war, insurrection, revolution, nuclear reaction or radioactive contamination.

10. Sustained while **occupying your covered auto** while it is rented or leased to others, or shared as part of a personal vehicle sharing program.

11. Sustained while a participant in or in practice for any **driving contest or challenge**.

12. Sustained as a result of a **covered person's** exposure to **fungi**, wet or dry rot, or bacteria.

13. Sustained while **occupying your covered auto** when it is being used in **ride sharing activity**. This exclusion (13) applies during the time:

    a. the **covered person** is logged on to the **transportation network company's** online-enabled application or platform and available to accept a passenger or delivery assignment, whether or not a passenger or delivery assignment has been accepted;

    b. a passenger or delivery assignment has been accepted, whether or not a passenger or property to be delivered is **occupying your covered auto**; and

    c. a passenger or delivery assignment has been accepted and a passenger or property to be delivered is **occupying your covered auto**.

    However, this exclusion (13) does not apply to a share-the-expense car pool.

## OTHER INSURANCE

If there is other applicable **motor vehicle** medical payments insurance, **we** will pay only **our** share of the loss. **Our** share is the proportion that **our** limit of liability under this policy bears to the total of all applicable limits. However, any insurance **we** provide with respect to a vehicle **you** do not own shall be excess over any other collectible **motor vehicle** insurance providing payments for medical or funeral expenses.

## SPECIAL PROVISIONS

A. To establish Wage Earner Disability Benefits, any **covered person** making a claim for **income actually lost** must submit all income-related documents **we** may reasonably require.

Income will be computed using the monthly rate being earned on the date of the accident and will be paid monthly as loss accrues. If not a salary or fixed amount, the monthly rate will be the average monthly income actually earned during the 12 months preceding the accident or during the period the **covered person** actually was employed if less than 12 months.

B. If **your covered auto** and every other **motor vehicle you** own are within the policy territory referred to in Part E - General Provisions, then coverage under Medical Payments Coverage and Extended Benefits Coverage will apply to **you** and any **family member** anywhere in the world.

**ILLINOIS AUTO POLICY**
for Policy #: CIC 015095799 7107

---

## PART C - UNINSURED MOTORISTS COVERAGE (referred to as UM Coverage) and UNDERINSURED MOTORISTS COVERAGE (referred to as UIM Coverage)

### DEFINITIONS

A. **"Actual cash value"** as used in this Part means the amount that it would cost, at the time of the accident, to buy a comparable vehicle. As applied to **your covered auto**, a comparable vehicle is one of the same make, model, model year, body type and options with substantially similar mileage and physical condition.

B. **"Covered person"** as used in this Part means:

1. **You** or any **family member**.

2. Any other person **occupying your covered auto**.

3. Any person for **damages** that person is entitled to recover because of **BI** to which this coverage applies sustained by a person described in paragraphs 1 or 2 above.

However, **"covered person"** does not include the United States of America or any of its agencies.

C. **"Property damage"** (referred to as **PD**) as used in this Part means injury to or destruction of **your covered auto**. However, **"property damage"** does not include:

1. Loss of use of **your covered auto** or

2. Damage to personal property contained in **your covered auto** other than a child restraint system that:

   a. Meets the applicable standards of the Illinois Child Passenger Protection Act and

   b. Was in use by the child at the time of the accident for which UM Coverage applies.

D. **"Tentative settlement"** means an offer from the owner or operator of the **underinsured motor vehicle** to compensate a **covered person** for damages incurred because of **BI** sustained in an accident involving the **underinsured motor vehicle**.

E. **"Uninsured motor vehicle"** means a land motor vehicle or **trailer** of any type:

1. To which no liability bond or policy applies at the time of the accident.

2. To which a liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the minimum limit specified by the Illinois financial responsibility law.

3. That is a hit-and-run motor vehicle. This means a **motor vehicle** whose owner or operator cannot be identified and that hits:

   a. **You** or any **family member**,

   b. A vehicle **you** or any **family member** is **occupying**, or

   c. **Your covered auto**.

4. To which a liability bond or policy applies at the time of the accident, but the bonding or insuring company denies coverage or is or becomes insolvent.

However, **"uninsured motor vehicle"** does not include any vehicle or equipment owned by, or furnished or available for the regular use of, **you** or any **family member** unless it is **your covered auto** to which Part A - Liability Coverage of this policy applies and liability coverage is excluded for damages sustained in the accident.

F. **"Underinsured motor vehicle"** means a land motor vehicle or **trailer** of any type to which a liability bond or policy applies at the time of the accident, but the sum of the limits for all applicable bodily injury liability bonds or policies is less than the limit of liability for UIM Coverage under this policy.

However, **"underinsured motor vehicle"** does not include:

1. An **uninsured motor vehicle** or

**ILLINOIS AUTO POLICY**
for Policy #: CIC 015095799 7107

2. Any vehicle or equipment owned by or furnished or available for the regular use of **you** or any **family member**.

G. **"Uninsured motor vehicle" and "underinsured motor vehicle"** do not include any vehicle or equipment:

1. Owned or operated by a self-insurer under any applicable **motor vehicle** law.

2. Owned by any governmental unit or agency.

3. Operated on rails or crawler treads, except for a snowmobile.

4. Designed mainly for use off public roads while not on public roads.

5. While located for use as a residence or premises.

## INSURING AGREEMENT

A. UM Coverage.

1. **We** will pay compensatory damages that a **covered person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of:

   a. **BI** sustained by a **covered person** and caused by a **motor vehicle** accident, or

   b. **PD** caused by a **motor vehicle** accident.

2. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle**. Any judgment for damages arising out of a suit brought without **our** written consent is not binding on **us**.

B. UIM Coverage.

1. **We** will pay compensatory damages that a **covered person** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **BI** sustained by a **covered person** and caused by a **motor vehicle** accident.

2. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **underinsured motor vehicle**.

3. **We** will pay under this coverage only after the limits of liability under any applicable liability bonds or policies have been exhausted by payment of judgments or settlements. This (B.3) does not apply if **we** have been given written notice of a **tentative settlement** and advance payment to the **covered person** in an amount equal to that settlement.

## LIMIT OF LIABILITY

A. UM Coverage.

1. For **BI** sustained by any one person in any one accident, **our** maximum limit of liability for all resulting damages—including, but not limited to, all direct, derivative or consequential damages recoverable by any persons—is the limit of liability shown on the Declarations for "each person" for UM Coverage. Subject to this limit for "each person," the limit of liability shown on the Declarations for "each accident" for UM Coverage is **our** maximum limit of liability for all damages for **BI** resulting from any one accident. These limits are the most **we** will pay regardless of the number of:

   a. **Covered persons**,

   b. Claims made,

   c. Vehicles or premiums shown on the Declarations,

   d. Premiums paid, or

   e. Vehicles involved in the accident.

2. For **PD**, **our** maximum limit of liability for damage to any one vehicle resulting from any one accident is the lesser of:

   a. The limit of liability for **PD** shown under UM Coverage on the Declarations or

**ILLINOIS AUTO POLICY**
for Policy #: CIC 015095799 7107

    b. The **actual cash value** of the damaged vehicle.

B. UIM Coverage.

1. For **BI** sustained by any one person in any one accident, **our** maximum limit of liability for all resulting damages—including, but not limited to, all direct, derivative or consequential damages recoverable by any persons—is the limit of liability shown on the Declarations for "each person" for UIM Coverage. Subject to this limit for "each person," the limit of liability shown on the Declarations for "each accident" for UIM Coverage is **our** maximum limit of liability for all damages for **BI** resulting from any one accident. These limits are the most **we** will pay regardless of the number of:

    a. **Covered persons**,

    b. Claims made,

    c. Vehicles or premiums shown on the Declarations,

    d. Premiums paid, or

    e. Vehicles involved in the accident.

2. The limit of liability for UIM Coverage ("each person" and "each accident") shall be reduced by all sums paid because of the **BI** by or on behalf of the owner or operator of the **underinsured motor vehicle**.

    However, if there is **a tentative settlement** and **we** give the **covered person** consent to settle, the limit of liability for UIM Coverage ("each person" and "each accident") shall be reduced by the bodily injury liability coverage limits applicable to the owner or operator of the **underinsured motor vehicle**.

3. If **we** advance payment to the **covered person** in an amount equal to the **tentative settlement** within 30 days after receipt of notification, that payment will be separate from any amount the **covered person** is entitled to recover under UIM Coverage.

C. UM Coverage and UIM Coverage.

1. The limit of liability for UM Coverage or UIM Coverage ("each person" and "each accident") shall be reduced by all sums paid or payable under any workers' compensation law or similar disability benefits law. With respect to UIM Coverage, this (C.1) does not apply to disability benefits received under the federal Social Security Act.

2. Any payment under UM Coverage or UIM Coverage will reduce any amount that person is entitled to recover for the same damages under Part A - Liability Coverage or Part B - Medical Coverage.

**EXCLUSIONS**

A. **We** do not provide UM Coverage:

1. For the first $250 of the amount of **PD** to each vehicle as the result of any one **motor vehicle** accident.

2. For **PD**:

    a. If Collision Coverage is afforded to that vehicle by this policy or any other policy.

    b. If the owner or operator of the **uninsured motor vehicle** cannot be identified.

    c. If there is no physical contact with the **uninsured motor vehicle**.

    d. While **your covered auto** is rented or leased to others, or shared as part of a personal vehicle sharing program.

3. For any **covered person** while **occupying** or when struck by any **motor vehicle** owned by **you** or any **family member** that is not insured for UM Coverage under this policy.

B. **We** do not provide UIM Coverage for any **covered person** while **occupying** or when struck by any **motor vehicle** owned by **you** or any **family member** that is not insured for UIM Coverage under this policy.

C. **We** do not provide UM Coverage or UIM Coverage for any **covered person**:

**ILLINOIS AUTO POLICY**
for Policy #: CIC 015095799 7107

1. If that person or the legal representative settles the **BI** or **PD** claim without **our** written consent.

2. For **BI** sustained:

   a. While **occupying your covered auto** when it is being used to carry persons for a fee. This exclusion (C.2.a) does not apply to:

      (1) A share-the-expense car pool or

      (2) **Your covered auto** used for volunteer work when reimbursement is limited to mileage expenses.

   b. While using a vehicle without expressed or implied permission.

   c. While **your covered auto** is rented or leased to others, or shared as part of a personal vehicle sharing program.

   d. While **occupying** any vehicle when it is being operated in or in practice for any **driving contest or challenge**.

   e. While **occupying your covered auto** when it is being used in **ride sharing activity**. This exclusion (C.2.e) applies during the time:

      (1) the **covered person** is logged on to the **transportation network company's** online-enabled application or platform and available to accept a passenger or delivery assignment, whether or not a passenger or delivery assignment has been accepted;

      (2) a passenger or delivery assignment has been accepted, whether or not a passenger or property to be delivered is **occupying your covered auto**; and

      (3) a passenger or delivery assignment has been accepted and a passenger or property to be delivered is **occupying your covered auto**.

      However, this exclusion (C.2.e) does not apply to a share-the-expense car pool.

D. UM Coverage or UIM Coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any workers' compensation law or similar disability benefits law.

E. **We** do not provide UM Coverage or UIM Coverage for punitive or exemplary damages.

**OTHER INSURANCE**

If there is other applicable insurance for UM Coverage or UIM Coverage available under one or more policies or provisions of coverage:

1. Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.

2. Any insurance **we** provide with respect to a vehicle **you** do not own or to a person other than **you** or any **family member** will be excess over any collectible insurance.

3. If the coverage under this policy is provided:

   a. On a primary basis, **we** will pay only **our** share of the loss that must be paid under insurance providing coverage on a primary basis. **Our** share is the proportion that **our** limit of liability under this policy bears to the total of all applicable limits of liability for coverage provided on a primary basis.

   b. On an excess basis, **we** will pay only **our** share of the loss that must be paid under insurance providing coverage on an excess basis. **Our** share is the proportion that **our** limit of liability under this policy bears to the total of all applicable limits of liability for coverage provided on an excess basis.

**NON-DUPLICATION**

No **covered person** will be entitled to receive duplicate payments under this coverage for the same elements of loss that were:

1. Paid because of the **BI** by or on behalf of persons or organizations who may be legally responsible.

**ILLINOIS AUTO POLICY**
for Policy #: CIC 015095799 7107

2. Paid or payable under any workers' compensation law or similar disability benefits law.

3. Paid under another provision or coverage in this policy.

4. Paid under any **motor vehicle** medical expense coverage.

## LOSS PAYABLE CLAUSE

With respect to **PD**, loss or damage under Part C – Uninsured Motorists Coverage and Underinsured Motorists Coverage will be paid, as interest may appear, to the named insured and the loss payee shown on the Declarations. When **we** pay the loss payee, **we** will be subrogated to the loss payee's right of recovery to the extent of payment.

## ARBITRATION

A. UM Coverage.

1. If **we** and a **covered person** disagree as to:

   a. Whether the **covered person** is legally entitled to recover damages from the owner or operator of an **uninsured motor vehicle** or

   b. The amount of damages that the **covered person** is legally entitled to collect form that owner or operator,

   either party may make a written demand for arbitration. In this event, each party will select an arbitrator, and those two arbitrators will select a third. If such arbitrators are not selected within 45 days, either party may request that the arbitration be submitted to the American Arbitration Association.

2. **We** will bear the expenses of the arbitration except when the **covered person's** recovery exceeds the minimum limit specified in the Illinois Safety Responsibility Law. If this occurs, the **covered person** will be responsible up to the amount by which the **covered person's** recovery exceeds the statutory minimum for:

   a. Payment of the **covered person's** expenses and

   b. An equal share of the third arbitrator's expenses.

3. Unless both parties agree otherwise, arbitration will take place in the county in which the **covered person** lived at the time of the accident and local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

   a. Whether the **covered person** is legally entitled to recover damages and

   b. The amount of damages. With respect to **BI**, this applies only if the amount does not exceed the lesser of:

      (1) $75,000 for **BI** to any one person in any one accident or $150,000 for **BI** to two or more persons in any one accident; or

      (2) The limits of liability for **BI** shown on the Declarations under UM Coverage.

   If the amount exceeds the aforementioned limits, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrator's decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

B. UIM Coverage.

1. If **we** and a **covered person** disagree as to:

   a. Whether the **covered person** is legally entitled to recover damages from the owner or operator of an **underinsured motor vehicle** or

   b. The amount of damages that the covered person is legally entitled to collect from that owner or operator,

   then that disagreement may be arbitrated provided both parties so agree. This arbitration shall be limited to the two aforementioned factual issues and shall not address any other issues including, but not limited to, coverage questions.

**ILLINOIS AUTO POLICY**
for Policy #: CIC 015095799 7107

Any arbitration finding that goes beyond the two aforementioned factual issues shall be voidable by **us** or a **covered person**.

2. If both parties agree to arbitration, each party will select an arbitrator and those two arbitrators will select a third. If the two arbitrators cannot agree on a third within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

3. Unless both parties agree otherwise, arbitration will take place in the county in which the **covered person** lived at the time of the accident and local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding up to the coverage limit of liability.

## PART D - PHYSICAL DAMAGE COVERAGE

**DEFINITIONS**

A. **"Actual cash value"** means the amount that it would cost at the time of **loss** to buy a comparable vehicle. As applied to **your covered auto**, a comparable vehicle is one of the same make, model, model year, body type and options with substantially similar mileage and physical condition.

B. **"Collision"** means the impact with an object and includes upset of a vehicle. **Loss** caused by the following is covered under Comprehensive Coverage and is not considered **collision**: fire; missiles or falling objects; hail, water or flood; malicious mischief or vandalism; theft or larceny; riot or civil commotion; explosion or earthquake; contact with bird or animal; windstorm; or breakage of window glass. If breakage of window glass is caused by a **collision**, **you** may elect to have it considered a loss caused by **collision**.

C. **"Custom equipment"** means paint or murals, equipment, furnishings, and parts permanently installed on **your covered auto** other than:

1. Original manufacturer paint, equipment, furnishings or parts;

2. Any replacement of original manufacturer paint, equipment, furnishings or parts with other paint, equipment, furnishings or parts of like kind and quality;

3. Equipment, furnishings or parts designed to assist persons with disabilities;

4. Anti-theft devices and devices intended to monitor or record driving activity; and

5. Tires of a substantially similar size as those installed by the manufacturer.

D. **"Loss"** means direct and accidental damage to the operational safety, function or appearance of, or theft of, **your covered auto** or personal property contained in **your covered auto**. **Loss** includes a total loss but does not include any damage other than the cost to **repair** or replace. **Loss** does not include any loss of use or diminution in value that would remain after **repair** or replacement of the damaged or stolen property.

E. **"Nonowned vehicle."**

1. **"Nonowned vehicle"** means any **motor vehicle** or **trailer** not owned by or furnished or available for the regular use of **you** or any **family member**. This (E.1) applies only when the vehicle is in the custody of or being operated by **you** or any **family member**.

2. A **nonowned vehicle** does not include any of the following vehicles used in any business or occupation other than farming or ranching:

   a. A pickup,

   b. A **van**,

   c. A **miscellaneous vehicle** or

   d. A **motorcycle**.

**ILLINOIS AUTO POLICY**
for Policy #: CIC 015095799 7107

F. **"Repair."**

1. **"Repair"** means restoring the damaged property to its pre-**loss** operational safety, function and appearance. This may include the replacement of component parts.

2. **Repair** does not require:

   a. A return to the pre-**loss** market value of the property;

   b. Restoration, alteration or replacement of undamaged property, unless such is needed for the operational safety of the vehicle; or

   c. Rekeying of locks following theft or misplacement of keys.

G. **"Your covered auto"** as used in this Part includes:

1. **Custom equipment** up to a maximum of $5,000 in or on **your covered auto**.

2. A **nonowned vehicle**. If there is a **loss** to a **nonowned vehicle**, **we** will provide the broadest coverage shown on the Declarations.

**INSURING AGREEMENT**

A. Comprehensive Coverage (excluding **collision**).

1. Physical damage. **We** will pay for **loss** caused by other than **collision** to **your covered auto**, including its equipment, and personal property contained in **your covered auto**, minus any applicable deductible shown on the Declarations. The deductible will be waived for **loss** to window glass that can be repaired rather than replaced. In cases where the repair proves unsuccessful and the window glass must be replaced, the full amount of the deductible, if any, must be paid.

2. Transportation expenses. **We** will also pay:

   a. The reasonable amount for transportation expenses incurred by **you** or any **family member** but no more than the cost of renting an Economy Class vehicle as defined under Rental Reimbursement Coverage. This applies only in the event of a total theft of **your covered auto**. **We** will pay only transportation expenses incurred during the period beginning 48 hours after the theft and ending when **your covered auto** is returned to use or, if not recovered or not **repairable**, up to seven days after **we** have made a settlement offer.

   b. If Rental Reimbursement Coverage is afforded, the vehicle class for transportation expenses is the vehicle class shown on the Declarations for Rental Reimbursement for that vehicle.

B. Collision Coverage. **We** will pay for **loss** caused by **collision** to **your covered auto**, including its equipment, and personal property contained in **your covered auto**, minus any applicable deductible shown on the Declarations.

C. Rental Reimbursement Coverage (for **loss** other than total theft).

1. **We** will reimburse **you** for expenses **you** or any **family member** incurs to rent a substitute for **your covered auto**. This coverage applies only if:

   a. **Your covered auto** is withdrawn from use due to a **loss** other than a total theft to that vehicle; and

   b. The **loss** is covered under Comprehensive Coverage or caused by **collision**, and the cause of **loss** is not otherwise excluded under Part D of this policy.

2. **We** will reimburse **you** only for that period of time reasonably required to **repair** or replace **your covered auto**. If **we** determine **your covered auto** is a total loss, the rental period will end no later than seven days after **we** have made a settlement offer.

D. USAA Roadside Assistance. **We** will pay the reasonable costs **you** or any **family member** incurs for the following services each time **your covered auto** is disabled:

1. Jumpstarting.

**ILLINOIS AUTO POLICY**
for Policy #: CIC 015095799 7107

2. Locksmith services to gain entry to your covered auto. This does not include the rekeying of locks following theft or misplacement of keys.

3. Towing or transporting to the nearest place where necessary repairs can be made during regular business hours if the vehicle will not run or is stranded on or immediately next to a public road.

4. Winching.

5. Delivery of gas or oil to, or a change of tire on, a disabled vehicle. However, **we** do not pay for the cost of these items.

## LIMIT OF LIABILITY

A. Total loss to **your covered auto**. **Our** limit of liability under Comprehensive Coverage and Collision Coverage is the **actual cash value** of the vehicle, inclusive of any **custom equipment**, and the cost to transfer or replace any equipment, furnishings or parts designed to assist persons with disabilities.

1. The maximum amount **we** will include for **loss** to **custom equipment** in or on **your covered auto** is $5,000.

2. **We** will declare **your covered auto** to be a total loss if in **our** judgment the cost to **repair** it would be greater than its **actual cash value** minus its salvage value after the **loss**.

3. If Car Replacement Assistance is shown on the Declarations for this **your covered auto**, **we** will pay an additional 20% of the **actual cash value** of the vehicle at the time of a total loss. This additional amount:

   a. Is separate from the limit available for **loss** to **your covered auto** under Comprehensive Coverage or Collision Coverage, and

   b. Is available if the total loss is paid:

      (1) Under this policy's Comprehensive Coverage or Collision Coverage, or

      (2) Because of the **PD** by or on behalf of persons or organizations who may be legally responsible.

   However, Car Replacement Assistance does not apply to total loss to any **nonowned vehicle**.

B. Other than a total loss to **your covered auto**:

1. **Our** limit of liability under Comprehensive Coverage and Collision Coverage is the amount necessary to **repair** the **loss** based on **our** estimate or an estimate that **we** approve if submitted by **you** or a third party. Upon request, **we** will identify at least one facility that is willing and able to complete the **repair** for the amount of the estimate.

2. **Our** estimate may specify used, rebuilt, remanufactured or non-Original Equipment Manufacturer (non-OEM) parts.

3. **You** may request that damaged parts be replaced with new Original Equipment Manufacturer (OEM) parts. However, **you** will be responsible for any cost difference between the parts included in **our** estimate and the new OEM parts used in the **repair**.

4. **We** will not take a deduction for depreciation. **We** will take a deduction if prior damage has not been **repaired**. Prior damage does not include wear and tear.

C. Personal property in or on **your covered auto**. The limits of liability described below are separate from the limits available for a **loss** to **your covered auto**.

1. **Our** limit of liability under Comprehensive Coverage and Collision Coverage is the lesser of:

   a. The amount necessary to replace the damaged or stolen property or

   b. $250.

2. **We** will not take a deduction for depreciation.

D. Under Rental Reimbursement Coverage, **our** maximum limit of liability is the reasonable amount necessary to reimburse **you** for expenses incurred to rent a vehicle in the applicable class shown on the Declarations. For purposes of this coverage:

**ILLINOIS AUTO POLICY**
for Policy #: CIC 015095799 7107

1. Economy Class means "mini," small or compact 2- and 4-door cars that are not considered sports or luxury vehicles and are not the station wagon type.

2. Standard Class means standard and full size 2- and 4-door cars that are not considered sports or luxury vehicles and are not the station wagon type.

3. Multipassenger/Truck Class means:

   a. Sports, convertible and luxury cars of any size;

   b. Station wagons;

   c. Minivans;

   d. Mid-size cargo and passenger **vans**;

   e. Pickup trucks; and

   f. "Mini," small and midsize sport utility vehicles (SUVs) that are not considered luxury SUVs.

4. Large SUV Class means luxury SUVs of any size, large SUVs, any private passenger vehicle equipped to assist persons with disabilities (when available) and large cargo or passenger **vans**.

E. Under USAA Roadside Assistance, **our** limit of liability is the reasonable price for the covered service.

## PAYMENT OF LOSS

**We** may pay for **loss** in money, or **we** may **repair** or replace the damaged or stolen property. **We** may return any stolen property to **you** or to the address shown on the Declarations at **our** expense. If **we** return stolen property, **we** will pay for any damage resulting from the theft. **We** may keep all or part of the damaged or stolen property and pay **you** an agreed or appraised value for it. **We** cannot be required to assume the ownership of damaged property. **We** may settle a claim either with **you** or with the owner of the property.

## LOSS PAYABLE CLAUSE

**Loss** or damage under this policy will be paid, as interest may appear, to the named insured and the loss payee shown on the Declarations. This insurance with respect to the interest of the loss payee will not become invalid because of **your** fraudulent acts or omissions unless the **loss** results from **your** conversion, secretion or embezzlement of **your covered auto**. **We** may cancel the policy as permitted by policy terms and the cancellation will terminate this agreement as to the loss payee's interest. **We** will give the same advance notice of cancellation to the loss payee as **we** give to the named insured shown on the Declarations. **We** may send notices to the loss payee either by mail or by electronic means. However, if the loss payee requests in writing that **we** not send notices, including a notice of cancellation, **we** will abide by that request. When **we** pay the loss payee **we** will be subrogated to the loss payee's rights of recovery to the extent of payment.

## WAIVER OF COLLISION DEDUCTIBLE

**We** will not apply the deductible to **loss** caused by **collision** with another vehicle if all these conditions are met:

1. The **loss** to **your covered auto** is greater than the deductible amount, and

2. The owner and driver of the other vehicle are identified, and

3. The owner or driver of the other vehicle has a liability policy covering the **loss**, and

4. The driver of **your covered auto** is not legally responsible in any way for causing or contributing to the **loss**.

## EXCLUSIONS

**We** will not pay for:

1. **Loss** to **your covered auto** that occurs while it is being used to carry persons for a fee. This exclusion (1) does not apply to:

   a. A share-the-expense car pool or

**ILLINOIS AUTO POLICY**
for Policy #: CIC 015095799 7107

    b. **Your covered auto** used for volunteer work when reimbursement is limited to mileage expenses.

2. Damage due and confined to:

    a. Road damage to tires,

    b. Wear and tear,

    c. Freezing, or

    d. Mechanical or electrical breakdown or failure, including such damage resulting from negligent servicing or repair of **your covered auto** or its equipment. **We** will pay for ensuing damage only to the extent the damage occurs outside the major component (such as transmission/transaxle, electrical system, engine including cooling and lubrication thereof, air conditioning, computer, suspension, braking, drive assembly, and steering) in which the initial mechanical or electrical breakdown or failure occurs.

    This exclusion (2) does not apply if the damage results from the total theft of **your covered auto**, and it does not apply to USAA Roadside Assistance.

3. **Loss** due to or as a consequence of war, insurrection, revolution, nuclear reaction or radioactive contamination.

4. **Loss** to a camper body or **trailer** owned by **you** or any **family member** that is not shown on the Declarations. This exclusion (4) does not apply to a camper body or **trailer you** or any **family member** acquires during the policy period and asks **us** to insure within 30 days after **you** or any **family member** becomes the owner.

5. **Loss** to any **nonowned vehicle** when used by **you** or any **family member** without a reasonable belief that **you** or that **family member** is entitled to do so.

6. **Loss** to equipment designed or used to evade or avoid the enforcement of **motor vehicle** laws.

7. **Loss** to any **nonowned vehicle** arising out of its use by **you** or any **family member** while employed or otherwise engaged in **auto business** operations.

8. **Loss** to **your covered auto** while it is rented or leased to others, or shared as part of a personal vehicle sharing program.

9. **Loss** to any vehicle while it is being operated in or in practice for any **driving contest or challenge**.

10. **Loss** resulting from:

    a. The acquisition of a stolen vehicle,

    b. Any legal or governmental action to return a vehicle to its legal owner, or

    c. Any confiscation or seizure of a vehicle by governmental authorities.

    This exclusion (10) does not apply to innocent purchasers of stolen vehicles for value under circumstances that would not cause a reasonable person to be suspicious of the sales transaction or the validity of the title.

11. **Loss** resulting from use in any illicit or prohibited trade or transportation.

12. Any **loss** arising out of any act committed:

    a. By or at the direction of **you** or any **family member**, and

    b. With the intent to cause a **loss**.

    This exclusion (12) does not apply to the extent of the insurable interest of an innocent co-insured who did not cooperate in or contribute to the creation of the **loss** if the **loss** arose out of a pattern of criminal domestic violence and the perpetrator of the **loss** is criminally prosecuted for the act causing the **loss**.

13. **Loss** caused by **fungi**, wet or dry rot, or bacteria. This means the presence, growth, proliferation, spread or any activity of **fungi**, wet or dry rot, or bacteria. This exclusion (13) does not apply to damage directly resulting from a **loss** covered under Comprehensive Coverage or Collision Coverage.

**ILLINOIS AUTO POLICY**
for Policy #: CIC 015095799 7107

14. **Loss** to **your covered auto** that occurs while it is being used in **ride sharing activity**. This exclusion (14) applies during the time:

    a. the **covered person** is logged on to the **transportation network company's** online-enabled application or platform and available to accept a passenger or delivery assignment, whether or not a passenger or delivery assignment has been accepted;

    b. a passenger or delivery assignment has been accepted, whether or not a passenger or property to be delivered is **occupying your covered auto**. However, this exclusion (14) does not apply to a share-the-expense car pool.

    c. a passenger or delivery assignment has been accepted and a passenger or property to be delivered is **occupying your covered auto**.

However, this exclusion (14) does not apply to a share-the-expense car pool.

**NO BENEFIT TO BAILEE**

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

**OTHER SOURCES OF RECOVERY**

If other sources of recovery also cover the **loss**, **we** will pay only **our** share of the **loss**. **Our** share is the proportion that **our** limit of liability under this policy bears to the total of all applicable limits. However, any insurance **we** provide with respect to a **nonowned vehicle** will be excess over any other collectible source of recovery including, but not limited to:

1. Any coverage provided by the owner of the **nonowned vehicle**.

2. Any other applicable physical damage insurance.

3. Any other source of recovery applicable to the **loss**.

This provision does not apply to USAA Roadside Assistance.

**APPRAISAL**

If **we** and **you** do not agree on the amount of **loss**, either may demand an appraisal. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the **actual cash value** and the amount of **loss**. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will pay its chosen appraiser and share the expenses of the umpire equally. Neither **we** nor **you** waive any rights under this policy by agreeing to an appraisal.

## PART E - GENERAL PROVISIONS

**BANKRUPTCY**

Bankruptcy or insolvency of the **covered person** as defined in this policy shall not relieve **us** of any obligations under this policy.

**CHANGES**

A. The premium is based on information **we** have received from **you** and other sources. **You** agree to cooperate with **us** in determining if this information is correct and complete. **You** agree that if this information changes or is incorrect or incomplete, **we** may adjust **your** premiums accordingly during the policy period.

B. If, during the policy period, the risk exposure changes for any of the following reasons, **we** will make the necessary premium adjustments effective the date of change in exposure. Change in exposure means the occurrence of an event listed in paragraphs B.1 through B.7 or in E below, or a similar event that may increase or decrease the policy premium. **You** agree to give **us** notice of any exposure change as soon as is reasonably possible. Changes that may result in a premium adjustment include, but are not limited to, the following:

1. Change in location where any vehicle is garaged.

**ILLINOIS AUTO POLICY**
for Policy #: CIC 015095799 7107

2. Change in description, equipment, purchase date, registration, cost, usage, miles driven annually or operators of any vehicle.

3. Replacement or addition of any vehicle. A replacement or additional vehicle is a **newly acquired vehicle**.

4. Deletion of a vehicle. The named insured may request that a vehicle shown on the Declarations be deleted from this policy. The effective date of this change cannot be earlier than the date of the named insured's request unless **we** agree to an earlier date.

5. Change in date of birth, marital status, driver's license information or driving record of any operator.

6. Addition or deletion of an operator.

7. Change, addition or deletion of any coverage or limits.

C. **We** will make any calculations or adjustments of **your** premium using the applicable rules, rates and forms as of the effective date of the change.

D. If **we** make a change that broadens coverage under this edition of **our** policy without additional premium charge, that change will automatically apply to **your** insurance as of the date **we** implement that change in **your** location. This paragraph (D) does not apply to changes implemented with a revision that includes both broadenings and restrictions in coverage. Otherwise, this policy includes all the agreements between **you** and **us**. Its terms may not be changed or waived except by endorsement issued by **us**.

E. Deployment.

1. If, because of **your** active-duty deployment in one of the military services of the United States, **you** have reduced the coverage on **your covered auto** and placed the vehicle in storage, then, upon **your** return from the deployment, **we** will reinstate the coverage that was on the vehicle prior to the deployment-caused reduction beginning on the date the vehicle is removed from storage.

2. Any reinstatement of coverage under paragraph E.1 will apply for up to 60 days after the date **you** returned from deployment. If **you** wish to continue the reinstated coverage beyond the 60-day period, **you** must request it during the 60-day period. If **you** request reinstated coverage after this 60-day period, any coverage **we** agree to provide will be effective at the date and time of **your** request unless **we** agree to an earlier date.

3. **You** must pay an additional premium as set out in Part E, Changes, B.7, for the reinstated coverage. However, if **you** return from deployment on furlough or emergency leave for a period of 30 days or less, **we** will waive any increase in the premium for the period of time **you** are on furlough or emergency leave, provided that no claim for coverage under this policy is made for a loss that occurs during that time period. If a loss occurs **we** will reinstate the coverage that was on the vehicle prior to the deployment-caused reduction as of the date of the loss, and **you** must pay an additional premium for that coverage.

## COHABITANT

Coverage under this policy as a **cohabitant** does not grant membership or associate membership or imply eligibility for membership or associate membership.

## CONFORMITY TO LAW

If any of the terms of this policy conflict with state or local law, state or local law will apply.

## DUTIES AFTER AN ACCIDENT OR LOSS

**We** will not be required to provide coverage under this policy unless there has been full compliance with the following duties:

A. **We** must be notified promptly of how, when and where an accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

B. A person or entity seeking any coverage or payment of any benefits except payment under Part A – Liability Coverage must:

**ILLINOIS AUTO POLICY**
for Policy #: CIC 015095799 7107

1. Cooperate with **us** in the investigation, settlement or defense of any claim or suit.

2. Promptly send **us** copies of any notices or legal papers received in connection with a suit, accident or loss.

3. Submit, as often as **we** reasonably require:

   a. To physical exams by physicians **we** select. **We** will pay for these exams.

   b. To examination under oath. The examination must be signed.

4. Authorize **us** to obtain medical reports and other pertinent records.

5. Submit a proof of loss when required by **us**.

6. Promptly notify the police if a hit-and-run driver is involved.

C. A person seeking UIM Coverage must also give **us** written notice of a **tentative settlement**, as defined in Part C – Unsured Motorists Coverage and Underinsured Motorists Coverage, and allow **us** 30 days to advance payment in an amount equal to that settlement to preserve **our** rights against the owner or operator of the **underinsured motor vehicle**.

D. A person seeking coverage under Part D - Physical Damage Coverage must also:

1. Take reasonable steps after loss to protect **your covered auto** and its equipment from further loss. **We** will pay reasonable expenses incurred to do this.

2. Promptly notify the police if your **covered auto** is stolen.

3. Permit **us** to inspect and appraise the damaged property before its repair or disposal.

## LEGAL ACTION AGAINST US

A. No legal action may be brought against **us** until there has been full compliance with all the terms of this policy. In addition, under Part A – Liability Coverage, no legal action may be brought against **us** until:

1. **We** agree in writing that the **covered person** as defined in Part A has an obligation to pay or

2. The amount of that obligation has been finally determined by judgment after trial.

B. No person or organization has any right under this policy to bring **us** into any action to determine the liability of a **covered person** as defined in this policy.

C. Under Part C - Unsured Motorists Coverage and Underinsured Motorists Coverage:

1. No action can be brought against **us** for any claim involving an **uninsured motor vehicle** unless the action is brought within two years from the date of the accident.

2. No action can be brought against **us** for any claim involving an **underinsured motor vehicle** unless the action is brought within:

   a. Two years from the date of the accident or

   b. One year from the date that the **covered person** is aware or should have been aware of a claim for which coverage would apply,

   whichever is later.

D. Unless **we** agree otherwise, any legal action against **us** must be brought in a court of competent jurisdiction in the county and state where the **covered person** lived at the time of the accident.

## MISREPRESENTATION

**We** do not provide any coverage for a claim under this policy for any person who has knowingly concealed or misrepresented any material fact or circumstance relating to this insurance:

1. At the time application was made, or

**ILLINOIS AUTO POLICY**
for Policy #: CIC 015095799 7107

2. At any time during the policy period, or

3. In connection with the presentation or settlement of a claim.

## NON-DUPLICATION OF PAYMENT

When a claim or part of a claim is payable under more than one provision of this policy, **we** will pay the claim only once under this policy.

## NOTICE OF RIDE SHARING ACTIVITY

**You** have a duty to notify **us** if any **covered person** is participating in **ride sharing activity**.

## OUR RIGHT TO RECOVER PAYMENT

**Our** rights in this section do not apply with respect to amounts paid in excess of the **actual cash value** of **your covered auto** because of Car Replacement Assistance.

A. If **we** make a payment under this policy, including any payment equal to a **tentative settlement** under UIM Coverage, and the person to or for whom payment was made has a right to recover damages from another, **we** will be subrogated to that right. The person to or for whom payment was made shall do whatever is necessary to enable **us** to exercise **our** rights and shall do nothing after loss to prejudice them.

However, **our** rights in this paragraph (A) do not apply:

1. Under Part B – Medical Coverage, Extended Benefits Death Benefit.

2. Under Part C – Uninsured Motorists Coverage and Underinsured Motorists Coverage if **we** have been given written notice of a **tentative settlement** and fail to advance payment to the **covered person** in an amount equal to the **tentative settlement within** 30 days after receipt of the notice.

3. Under Part D – Physical Damage against any person using **your covered auto** with a reasonable belief that that person is entitled to do so.

B. If **we** make a payment under this policy and the person to or for whom payment was made recovers damages from another, the person to or for whom payment was made shall hold in trust for **us** the proceeds of the recovery and reimburse **us** to the extent of **our** payment. However, this paragraph (B) does not apply to Part B – Medical Coverage, Extended Benefits Death Benefit.

C. If the **covered person** as defined in this policy recovers from the party at fault and **we** share in the recovery, **we** will pay **our** share of the legal expenses. **Our** share is that percent of the legal expenses that the amount **we** recover bears to the total recovery. This paragraph (C) does not apply to any amounts recovered or recoverable by **us** from any other insurer under any inter-insurer arbitration agreement.

## OWNERSHIP

For purposes of this policy, a vehicle is deemed to be owned by a person if leased under a written agreement to that person for a continuous period of at least six months.

## POLICY PERIOD AND TERRITORY

A. This policy applies only to accidents and losses that occur during the policy period as shown on the Declarations and within the policy territory. The policy territory is the United States of America (USA), its territories and possessions, Puerto Rico, and Canada, including transportation of **your covered auto** between any ports of these locations.

B. The policy territory also includes Mexico, subject to the following conditions:

1. All coverages afforded by the policy are extended to include coverage during trips into Mexico. This applies only to loss or accident that occurs within 75 miles of the USA border.

2. Any liability coverage afforded by the policy is extended to include the remainder of Mexico but only if **you** have valid and collectible liability coverages from a licensed Mexican insurance company at the time of loss. This paragraph (B.2) applies only if the original liability suit for **BI** or **PD** is brought in the USA.

**ILLINOIS AUTO POLICY**
for Policy #: CIC 015095799 7107

3. Coverage under this policy does not extend:

    a. To any **covered person** as defined in this policy who does not live in the USA.

    b. To any **covered person** as defined in this policy **occupying** a vehicle that is not principally garaged and used in the USA.

    c. To any vehicle that is not principally garaged and used in the USA.

4. The words "state or province" as used in the Out of State Coverage provision in Part A of the policy do not include a "state or province" of Mexico.

5. Losses payable under Part D – Physical Damage Coverage of the policy will be paid in the USA. If the vehicle must be repaired in Mexico, **our** limit of liability will be determined at the nearest point in the USA where repairs can be made.

6. Any insurance **we** provide will be excess over any other similar valid and collectible insurance.

**REDUCING THE RISK OF LOSS**

**We** may occasionally provide **you** with products or services that assist **you** in preventing or reducing the risk of loss, and **we** may provide an incentive for **your** use of these items.

**SPOUSE/CIVIL UNION PARTNER ACCESS**

A. The named insured and **we** agree that the named insured and resident spouse or **civil union partner** are "customers" for purposes of state and federal privacy laws. The resident spouse or **civil union partner** will have access to the same information available to the named insured and may initiate the same transactions as the named insured.

B. The named insured may notify **us** that they no longer agree that the resident spouse or **civil union partner** shall be treated as a "customer" for purposes of state and federal privacy laws, and **we** will not permit the resident spouse or **civil union partner** to access policy information.

**TERMINATION**

A. Cancellation. This policy may be cancelled during the policy period as follows:

1. **You** may cancel this policy at any time, but the effective date of cancellation cannot be earlier than the date of the request unless **we** agree to an earlier date.

2. **We** may cancel this policy by mailing notice to the named insured shown on the Declarations at the most recent address **you** provided to **us**. **We** will give:

    a. At least 10 days' notice if cancellation is for nonpayment of premium or

    b. At least 30 days' notice in all other cases.

3. After this policy is in effect for 60 days or if this is a renewal policy, **we** will cancel only:

    a. For nonpayment of premium, or

    b. For fraud or material misrepresentation affecting the policy or the presentation of a claim, or

    c. For a violation of the terms or conditions of the policy, or

    d. If **your** driver's license or that of any driver who customarily uses **your covered auto** has been suspended or revoked. This must have occurred:

        (1) During the policy period or

        (2) Since the last anniversary of the original effective date if the policy period is other than one year.

B. Nonrenewal.

1. If **we** decide not to renew this policy, **we** will mail notice to the named insured shown on the Declarations at the most recent address **you** provided to **us**. Notice will be sent at least 30 days before the end of the policy period.

**ILLINOIS AUTO POLICY**
for Policy #: CIC 015095799 7107

2. If this policy has been in effect for five years or more, **we** will nonrenew the policy only if one or more of the following apply:

   a. **We** send **you** notice of **our** intent 60 days prior to the expiration date of the policy, or

   b. This policy was obtained through a material misrepresentation.

   c. **You** or any **family member** violated any of the terms or conditions of the policy.

   d. The named insured failed to disclose fully any **motor vehicle** accidents and moving traffic violations for the preceding 36 months, if such information is called for in the application.

   e. **You** or any **family member** made a false or fraudulent claim or knowingly aided or abetted another in the presentation of such a claim.

   f. **You** or any other operator who either resides in **your** household or customarily operates **your covered auto**:

      (1) Has had their driver's license suspended or revoked within the 12 months prior to the notice of non-renewal; or

      (2) Is or becomes subject to epilepsy or heart attacks and has not produced a certificate from a physician testifying to that person's unqualified ability to operate a **motor vehicle** safely; or

      (3) Has a record of accidents or convictions (criminal or traffic), or a physical or mental condition that makes operation of a **motor vehicle** a danger to public safety; or

      (4) During the 36 months prior to the notice of nonrenewal:

         (a) Has been addicted to the use of narcotics or other drugs; or

         (b) Has been convicted or forfeited bail for:

            (i) Any felony, criminal negligence resulting in death, homicide or assault arising out of the operation of a **motor vehicle**;

            (ii) Operating a **motor vehicle** while in an intoxicated condition or while under the influence of drugs;

            (iii) Being intoxicated while in or about a **motor vehicle** or while having custody of a **motor vehicle**;

            (iv) Leaving the scene of an accident without stopping to report;

            (v) Theft or unlawful taking of a **motor vehicle**; or

            (vi) Making false statements in an application for an operator's or chauffeur's license.

      (5) Has been convicted or forfeited bail within the 12 months immediately preceding the notice of non-renewal for 3 or more violations of any law, ordinance or regulation limiting the speed of **motor vehicles** or any of the provisions of the **motor vehicle** laws of any state, violation of which constitutes a misdemeanor, whether or not the violations were repetitions of the same offense or different offenses.

   g. **Your covered auto** is:

      (1) So mechanically defective that its operation might endanger public safety; or

      (2) Used in carrying passengers for hire or compensation (the use of **your covered auto** for a carpool shall not be considered use of a **motor vehicle** for hire or compensation); or

      (3) Used in the business of transportation of flammables or explosives; or

      (4) An authorized emergency vehicle; or

      (5) Changed in shape or condition during the policy period so as to increase the risk substantially; or

      (6) Subject to an inspection law and it has not been inspected or, if inspected, has failed to qualify.

**ILLINOIS AUTO POLICY**
for Policy #: CIC 015095799 7107

C. If a premium for Ride Share Gap Protection is shown on the Declarations for **your covered auto**, **we** will not cancel or nonrenew due to a **covered person's** participation in **ride sharing activity**.

D. Automatic Termination.

1. If **we** offer to renew and **you** or **your** representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal premium when due will mean that **you** have not accepted **our** offer.

2. If **you** obtain other insurance on **your covered auto**, any similar insurance provided by this policy will terminate as to that vehicle on the effective date of the other insurance. This does not apply to liability coverage purchased for travel in Mexico.

E. Other Termination Provisions.

1. Proof of mailing will be sufficient proof of notice.

2. If this policy is cancelled, the named insured shown on the Declarations may be entitled to a premium refund. The premium refund, if any, will be computed according to **our** manuals. However, making or offering to make the refund is not a condition of cancellation.

3. The effective date of cancellation stated in the notice will become the end of the policy period.

**TRANSFER OF YOUR INTEREST IN THIS POLICY**

**Your** rights and duties under this policy may not be assigned without **our** written consent. However, if the named insured shown on the Declarations dies, **we** will provide coverage until the end of the policy period for:

1. The surviving spouse or **civil union partner** if resident in the same household at the time of death. Coverage applies to the spouse or **civil union partner** as if the named insured shown on the Declarations, and

2. The legal representative of the deceased person as if the named insured shown on the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto**.

**TWO OR MORE MOTOR VEHICLE POLICIES**

If this policy and any other **motor vehicle** insurance policy **we** issued to **you** apply to the same accident, the maximum limit of **our** liability under all the policies will not exceed the highest applicable limit of liability under any one policy.

Copyright, USAA, 2021. All rights reserved.
Includes copyrighted material of Insurance Services Office, used with permission.



# PERSONAL CORPORATION ENDORSEMENT

The coverage provided by this endorsement is subject to all the provisions of the policy and amendments except as they are modified in this endorsement.

This endorsement is added at the request of the named insured. It forms a part of the auto policy to which it is attached. It is effective from the policy effective date or from the date shown on the amended Declarations.

**We** agree that the personal corporation shown on the Declarations is a **covered person** under Part A - Liability Coverage of this policy. However, this applies only to the extent that the personal corporation qualifies as a **covered person** under paragraph 1.c of the definition of **covered person** in Part A of this policy.

**Our** inclusion of the personal corporation does not operate to increase the limits shown on the Declarations.

The personal corporation is not responsible for the payment of any premiums. Any premiums returned or any dividend **we** may declare will be paid to the named insured.

Coverage under this policy does not apply to **bodily injury** or **property damage** sustained by any person arising out of or in the course of that person's employment by the personal corporation.

This endorsement applies only to a personal corporation the stock of which is wholly owned by:

1. **You**, or
2. **You** and **family members**, or
3. **You** and other persons, all of whom are eligible for insurance with USAA or its affiliates.

If any stock of the personal corporation is issued or transferred to persons other than those listed above, the coverage afforded by this endorsement shall cease automatically as of the date of such change.

The named insured is authorized to act for the personal corporation in all matters pertaining to this insurance.

**We** will not provide any written notice of:

1. Cancellation,
2. Nonrenewal or
3. Policy changes

to the personal corporation.

**This endorsement applies to:**
*Vehicle 11 - PALLKAN LLC*
*Vehicle 13 - PALLKAN LLC*

Copyright, USAA, 2018. All rights reserved.
Includes copyrighted material of Insurance Services Office, used with permission.



# ACCIDENT FORGIVENESS ENDORSEMENT

When a premium for accident forgiveness is shown on the Declarations:

1. If **you** or any **family member** shown as an operator on the Declarations:
   a. Is involved in an at-fault accident that occurs after the effective date of this endorsement, **we** will waive any premium increase under this policy that would otherwise be applied for the first such at-fault accident.
   b. Was involved in an at-fault accident forgiven in a policy written by **us** or one of **our** affiliates and such operator was removed from that policy and added to this policy without any gap in coverage, **we** will continue to forgive the accident on this policy for the remainder of the period of time the premium increase would have occurred under this policy if there are no other at-fault accidents for which premium is waived under this policy.

   **We** will waive the premium increase for only one at-fault accident per policy period regardless of the number of operators shown on the Declarations.

2. **We** will waive the premium increase for the at-fault accident to which paragraph 1 above applies for the period of time during which:
   a. This endorsement is in effect and
   b. A premium increase for such at-fault accident would have otherwise applied to this policy.

The Accident Forgiveness Endorsement must remain in effect during any renewal period of this policy over the full accident forgiveness period for the premium increase waiver to remain in effect.

Copyright, USAA, 2018. All rights reserved.